## VICENTE GARCIA V. THE STATE.

No. 8182.   Decided January 16, 1924.

**1.—Burglary—Requested Change—Alibi—Purchase.**

Where, upon trial of burglary, the defendant relied upon the two propositions of alibi and of his purchase of the property found in his possession and claimed by the proprietors of the store as being part of that taken in the alleged burglary, and the main charge of the Court submitted these issues and also the requested charge, there is no reversible error.

**2.—Same—Evidence—Finding of Property.**

The objection to the introduction in evidence of the articles mentioned, upon the ground that they were not sufficiently identified does not seem tenable in view of the fact that their identification was positive, and the finding of same three months after the alleged burglary, was not too remote.

**3.—Same—Demurrer to the Evidence.**

A demurrer to the evidence in the instant case was properly overruled because of the finding of the fruit of the burglary in the possession of appellant, although this was three months after the commission of the crime, and the concealing of the same, pointed to the guilt of the defendant.

**4.—Same—Evidence—Declaration of Defendant.**

Where the witness was present and heard defendant make the statement to the sheriff as to what he paid for the sweater in question, the testimony was admissible.

**5.—Same—Argument of Counsel.**

The language used, aside from the reference to the failure to testify, which latter was stricken out bv the Court, does not present any reversible error.

**6.—Same—Additional Charge—Defendant's Presence—Principals.**

Where the jury wanted some explanation of that part of the Court's charge on circumstancial evidence, and desired to know if the fact that others were implicated would release the defendant from the charge and the Court thereupon gave the law of principles, there is no reversible error, and this, although, in the absence of defendant's attorney after waiting a while for his appearance, and the Court then proceeded to charge the jury in the presence of the defendant.

**7.—Same—Motion for New Trial—Explanation of Possession.**

Where, upon trial of burglary, the only real question in the case was the truth or falsity of defendant's explanation of his possession of property recently stolen, and this was a question for the jury, there is no reversible error.

Appeal from the District Court of Gillespie. Tried below before the Honorable J. H. McLean.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. B. Wieser*, for appellant.—On question of defendant's demurrer to the evidence Field v. State, 6 S. W. Rep., 200; Manchaca v. State, 125 id., 20; Bragg v. State, 17 Texas Crim. Ap., 221.

On Court's charge on principals Walker v. State, 181 S. W. Rep., 192; Handy v. State, 173 id., 299; Silvas v. State, 159 id., 223.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Gillespie County of burglary, and his punishment fixed at two years in the penitentiary.

A store in Fredericksburg was burglarized about the 18th of October, 1922, and a quantity of Walkover shoes and suits of clothes and other articles among which was a sweater of a peculiar make and pattern, were taken. Search for the missing property at the time failed to discover any of it, but some months later appellant was found in possession of the sweater which was positively identified as being that taken from the burglarized store, and he was also found in possession of two pair of Walkover shoes, one of which showed to have been worn quite a good deal and the other of which was almost new. The proprietors of the alleged burglarized store testified that it was the arrangement by the manufacturers of said shoes that but one firm in each county should handle same and that the shoes made for firms in different counties were made according to specifications and that they differed from those made for firms in other counties. In other words, they testified that the shoes made for their firm by said shoe company were according to specifications sent to the company by them and that they could identify shoes handled by their firm from shoes of the same brand handled by any other firm. They testified that the shoes found in possession of appellant had been made for them and were shoes that were taken from their house on the night of the alleged burglary. Appellant testified that he bought one pair of the shoes in Brady, which is in

McCulloch county, and the other pair of shoes and the sweater in San Antonio.

On the trial a special charge was presented instructing the jury that if they believed from the evidence that appellant bought the goods found in his possession, or if they had a reasonable doubt thereof they should acquit the defendant. As we understand the record appellant relied upon the two propositions of alibi and of his purchase of the property found in his possession and claimed by the proprietors of the store as being part of that taken in the alleged burglary. The court is his main charge submitted the law of alibi in a manner satisfactory to the appellant, and the giving of the special charge above mentioned seems to have presented the law of his purchase in a manner satisfactory to him.

Appellant has a bill of exceptions to the introduction of testimony relative to finding in his possession the sweater and shoes. It is urged that the finding of same some three months after the alleged burglary was too remote, and that the court should not have permitted the testimony. We do not think appellant's proposition sound. The objection to the introduction of the articles mentioned upon the ground that they were not sufficiently identified, does not seem tenable in view of the fact that the identification was positive by the proprietors of said store.

The third bill of exceptions is to the overruling of appellant's demurrer to the evidence. We do not think this proposition presents any error. The finding of the fruits of the burglary in the possession of the appellant three months after the commission of the crime, part of the property exhibiting evidence of use, such as one of the pairs of shoes, and another part of the property showing to have been kept by some one without use until recently before its discovery in possession of appellant, would seem to us to entirely meet any objection as to the length of time between the burglary and the discovery of the property in appellant's possession. One might unlawfully take a quantity of property and conceal it for a much longer time than that which elapsed here before its discovery and still the possession of same by the accused furnish sufficient evidence to justify his conviction.

Appellant had a bill of exceptions to the question propounded to one of the proprietors of the burglarized store with reference to a statement made by appellant to the sheriff as to what he paid for the sweater in question. It appears from the statement of facts and also from the qualification to the bill that the witness was present and heard appellant make the statement inquired about. In this condition of the record we see no reason for rejecting the evidence.

Appellant has a bill of exceptions to certain argument of the district attorney. Part of the statement attributed to the State's attorney refers to the failure of the defendant to testify on his examin-

ing trial. In approving the bill the court certifies that this language was not used in the argument. The language used, aside from the reference to the failure to testify, which latter is stricken out by the court, does not present any objectionable argument.

There is a bill of exceptions complaining of the giving of additional instructions to the jury after the main charge had been given and the argument concluded. The objection seems to rest upon the ground that the defendant's attorney was not present. It is made to appear from the bill that the jury came in with a request for additional instructions and that the learned trial judge had the sheriff to call appellant's attorney and that after waiting for him a while the court then proceeded to give to the jury the additional instruction sought. It is certified that the appellant was present at the time this instruction was asked and given. We perceive no error in this action of the court, nor do we conclude the instruction given to be open to the objection made thereto. The jury wanted some explanation of that part of the court's charge on circumstantial evidence which said that the testimony must produce in effect a reasonable and moral certainty that the accused and no other person committed the offense charged. They desired to know if the fact that others were implicated would release the defendant from the charge. In response to this inquiry the court gave to the jury a charge upon the law of principals.

In his motion for new trial appellant complains of a number of matters and reserved his bill of exceptions No. 8 to the overruling of the motion for new trial.

Appellant's attorney has filed an able and exhaustive brief which has been examined by us and the many authorities cited, but in our opinion the only real question in the case was the truth or falsity of the appellant's explanation of his possession of the recently stolen property and the acceptance or rejection of his claim of alibi. These matters were for the jury and under appropriate instructions seem to have been settled against appellant.

Finding no error in the record, an affirmance will be ordered.

*Affirmed.*