H. A. KOLB v. THE STATE.

No. 6863. Decided April 26, 1922.

1.—Embezzlement—Continuance—Want of Diligence.

Where, upon trial of embezzlement, the application for continuance showed want of diligence, there was no error in overruling same.

2.—Bill of Exceptions—Requested Charge—Evidence—Question and Answer Form.

Where a peremptory instruction for acquittal was correctly refused, and the bill of exceptions as to rejected evidence was insufficient, because it consisted of a statement in question and answer form, etc., there was no reversible error.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction of embezzlement; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Tarrant County of embezzlement, and his punishment fixed at three years in the penitentiary.

From the record we learn that Mrs. Butler, a widow, owned a car which she wished to sell. She kept same in the garage of a man named Hedgecock and informed him of her desire to sell the car. He came to see her accompanied by a Mr. Harper, of whom Mrs. Butler stated that he was appellant's partner. The next day Mrs. Butler

testified that she had a telephone °conversation with appellant in which he told her the car had been turned over to him for sale and that he had a sale for it "right now." Mrs. Butler testified ·that she told him she would take $375 for the car, out of which he was to take his commission and pay the battery bill of $12. Appellant asked her over the telephone if she would execute a bill of sale and upon her answering in the affirmative, he told her he would send one out. Mr. Hedgecock brought a bill of sale to her which she executed. The bill of sale appeared to be in blank, that is the name of the purchaser was not written in at the time she signed same. Later Mrs. Butler said she went to appellant's place of business and he told her that he had sold the car to a man who lived out of town, and that said purchaser had given him a check for the purchase price except $25, and that he had paid the battery bill of $12 out of this cash payment. He gave to Mrs. Butler $13 in money. She further testified that from time to time she called upon him for the proceeds of the sale of the car and he put her off upon one excuse and another, saying that he had not gotten the money. Finally losing patience she went to see him with an officer who was a friend or relative of hers, and he then promised to pay the money on a fixed date, which promise he failed to redeem, and Mrs. Butler testified that she had never received anything further from him for her car.

Appellant has three bills of exception in the record, one to the refusal of a continuance which, in our opinion, presents no error as same shows that a subpœna was issued on the day before the trial for a witness who was out of the State. Neither the process nor the return of the officer is attached to the application. This does not show diligence. Vernon's C. C. P., pp. 307-309. The second exception was to the court's refusal of a peremptory instruction of not guilty. Such instruction was correctly refused. The remaining bill of exceptions is not in such form as that we can consider it. It consists of a statement in question and answer form of a lengthy colloquy between the witness, the attorneys and the court. Said bill then proceeds to set out certain questions relative to a conversation between a brother of appellant and another party, it not being claimed that either appellant or prosecuting witness were present at said conversation. This was clearly hearsay, and the State's objection to said conversation was properly sustained. Appellant reserved his exception and states in this bill that he expected to prove a number of things by said witness, which manifestly were not connected with and could not have been any answer to the questions propounded by him to said witness, the answers to which were rejected upon the State's objection thereto. We decline to consider bills of exception consisting of questions and answers but are of opinion that the action of the trial court was correct in refusing the hearsay testimony of said witness to conversations had out of the presence of appellant.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*