GLENN RUTHERFORD, *alias* W. J. FOSTER, *alias* GEORGE CLARK, v. THE STATE.

No. 19763.  Delivered June 22, 1938.
Rehearing denied October 19, 1938.
Request to file second motion for rehearing overruled (without written opinion) November 23, 1938.

The opinion states the case.

*Chas. Owen,* of El Paso, for appellant.

*Roy D. Jackson,* District Attorney, and *William E. Clayton,* Assistant District Attorney, both of El Paso, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for twelve years.

The indictment embraced averments showing that prior to the commission of the present offense appellant had been convicted in the State of California of the offense of burglary.

The testimony on the part of the State was uncontroverted to the effect that on the 9th of September, 1937, appellant burglariously entered a hotel room occupied by O. T. Nicholson. Further, the proof showed that appellant had theretofore been convicted in the State of California of the offense of burglary.

In the order overruling the motion for new trial the court granted appellant sixty days after the adjournment of court to file his bills of exception. The trial term was adjourned December 18, 1937. The bills of exception were filed on February 23, 1938, which was 67 days after the date of adjournment. This was too late, and, under the circumstances, we are not warranted in considering said bills.

Appellant contends that the evidence is insufficient to identify him as the person who had been convicted in the State of California of the offense of burglary. We are unable to agree with this contention. The State introduced as a witness Lester M. Jones, who was a fingerprint expert connected with the sheriff's office in the city of Los Angeles. He testified: "I remember this defendant by the name of Clark. I had occasion to take his fingerprints myself. I have the fingerprints I took. * * * I would have to refer to the records as to the exact date when I took the fingerprints of this defendant, but I remember the incident real well." After examining his records the witness said: "I took his fingerprints on the evening of November 23, 1929." After producing his original records which he himself had made, the witness stated that in addition to his identification of appellant from memory, he had in his own handwriting the original records showing the physical description of appellant, including a certain scar. He testified further that his examination of the appellant disclosed him to be the person who had been convicted in California. Further, the witness testified that he had checked the original fingerprints of appellant he had taken in California against fingerprints taken by a fingerprint expert in El Paso and that they were the prints of the same person. We quote further from his testimony: "When I originally fingerprinted him he was charged with a felony and I followed it through my records to see whether the defendant was convicted or found guilty. * * * Yes, I followed the case against this defendant through and I know that he was convicted, sentenced and was later a parole violator from San Quentin in San Francisco on that charge." Also the witness identified a copy of the records from the clerk's office in Los Angeles, California, showing the conviction of George Clark for burglary. On this point he testified: "The man [George Clark] was sentenced and served a time for this. Yes, this is the correct copy of the judgment sentencing him; the commitment is there."

We deem the testimony of the witness sufficient to support the averment in the indictment that on the 13th of February, 1930, appellant had been convicted in the Superior Court of the County of Los Angeles, State of California, of the offense of burglary.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—On original submission of this cause, we declined to consider appellant's bills of exceptions because it appeared from the record that they were filed too late. Since then, appellant has caused to be filed a supplemental transcript, showing that the trial court in due time extended the time for filing these bills. Since it appears now that the bills were filed in time, they will be considered and discussed.

Appellant earnestly insists that we erred in our original opinion by holding the evidence sufficient insofar as it related to his identification as the person who was convicted of burglary in the Superior Court of Los Angeles County in 1930 under the name of George Clark. We have again reviewed the record with much care but remain of the opinion that the question was properly disposed of in the original opinion.

The testimony of Jones, as set forth in our original opinion, clearly shows that the present appellant and George Clark are one and the same man. In view of this it is not deemed necessary to discuss the matters objected to in appellant's bill of exception number four.

The first bill of exception complains of the court's action in overruling appellant's motion for a continuance. The State contested this motion on two grounds: (1) That he had not shown due diligence to obtain process for the witness, and (2) because the witness whose testimony was desired was a transient person, a fugitive from justice, a nonresident, and probably would never appear.

Upon the hearing of the motion by the trial court, the evidence disclosed that appellant and the absent witness had been arrested at the same time. Appellant was charged with burglary and the absent witness with vagrancy. The witness was convicted in corporation court and a fine of $180 assessed against him. He appealed to the county court and applied for a writ of habeas corpus, asking his release because he was affected with tuberculosis, on the theory that his confinement would endanger his life. The court released him and set his trial for November 1, at which time he failed to appear and a capias was issued for his arrest.

It further appears that the same attorney who represented this witness also represented appellant. When the witness left El Paso and went to St. Louis and then to Phoenix, he kept in touch with the attorney. At no time did appellant or his attorney undertake to take the deposition of the witness though both knew that he was ill and out of the State and perhaps would never be able to appear and testify in the case. Hence the appellant did not exercise due diligence in trying to secure the testimony of the witness. See Martin v. State, 92 Texas Crim. Rep. 124; 9 Tex. Jur., p. 796, Section 105; Kolb v. State, 91 Texas Crim. Rep. 572.

By bill number two, appellant complains because the witness, Nicholson, whose room was entered by appellant, was allowed while testifying, to require him, appellant, to remove his glasses and stand up. He objected on the grounds that it was requiring him to give evidence against himself. We can not agree with his contention. The witness had a right to view the accused and be positive in his identification. To sustain this contention would permit an accused to disguise himself and refuse to remove the mask in order to avoid identification, and the trial court would be helpless to require him to do so. The accused was merely requested to stand up and remove his glasses so that the witness might better view him. We can not regard this act as requiring an accused to give evidence against himself. To so hold would be tantamount to holding that a witness could not point to some scar, birthmark, or other distinguishing feature of a defendant without violating the rule that one accused of crime can not be required to give evidence against himself. We are not unmindful of the decision of this Court in the case of Turman v. State, 95 S. W. 533, but that case has not been followed or approved in any subsequent decision. See Long v. State, 48 S. W. (2d) 633; Pitts v. State, 60 Texas Crim. Rep. 524; Bruce v. State, 21 S. W. 681.

By bill of exception number four, appellant objected to testimony of R. H. Lessor, a member of the police department of the City of El Paso, and the admission of a city ordinance in evidence on the ground that the ordinance was void and in conflict with the State Constitution since it gave an arresting officer authority to make an unreasonable search and seizure. The ordinance in question authorized the arrest without warrant of all persons found in suspicious places and under suspicious circumstances.

We consider it unnecessary to discuss the constitutionality of the same since there was ample justification for the arrest

on grounds of probable cause. The officers testified that they received a call that two men suspected of committing felonies around the bus station in the city were then at the station. Upon their arrival there, they secured the license number of the car and found appellant and the other party at a near-by filling station. A description of the two men had been given them and this description tallied with the appearance of the men in the car, as did the Michigan license plate on their car. There was testimony to the effect that the men were apparently in the act of leaving the city, and that they acted suspiciously just before their arrest. Under these circumstances we think the arrest was legal. The arrest being legal, the search was legal. Consequently appellant's contention in this respect must be overruled. See Horrell v. State, 61 S. W. (2d) 108; Bennett v. State, 55 S. W. (2d) 847.

The motion for a rehearing will be overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.