## ROBERT J. HILL V. STATE

No. 34,453.  March 21, 1962
Motion for Rehearing Overruled May 2, 1962

*Rex Emerson,* Houston, for appellant by Court appointment.

*Frank Briscoe,* District Attorney, *Walter A. Carr,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is felony theft; the punishment, enhanced under Art. 63 P.C., life.

The indictment alleged the theft of $131.11 in money of the value of $131.11, a pistol, five rings, a watch, a necklace, and

other articles described therein, alleged to be of the value of over $50, from Lillie Elizabeth Lee.

The theft was alleged to have been committed on or about April 25, 1961, and the indictment alleged that appellant had theretofore on March 9, 1949, been convicted of the offense of burglary, and that after such conviction he had committed the felony offense of breaking and entering a motor vehicle and was convicted of said offense on May 31, 1957.

The allegations as to the previous convictions were proved by the records of the Texas Department of Corrections; certified copies of the judgment, sentence and indictment in said causes, and testimony of an expert who took appellant's fingerprints, compared them with the prints which were part of the records introduced, and testified that all the prints were those of appellant.

Appellant was identified by Mrs. Lee's friend Mrs. Burnham as the man who ran from Mrs. Lee's home when they came from work, shortly before 11 o'clock P.M. Mrs. Lee identified the rings, pistol and other articles that were found in appellant's possession shortly thereafter as property taken from her home without her consent, and testified that $130.91 was missing from a strongbox which had been broken into. $131 and some cents cash was found in appellant's possession.

The evidence shows that the house in Houston where Mrs. Lee lived alone was entered by cutting a screen, and that property such as that described in the indictment was found missing which, aside from the money, was of the value of about $5000.00.

Police Officer E. R. Williams, responding to a dispatch describing a person seen leaving the residence of Mrs. Lee after it had been broken into, encountered appellant 3 or 4 blocks from said residence. Appellant ran but was overtaken. Officer Williams testified that he called him to the patrol car, and that appellant said: "You have got me. I am a bitch"; that he saw a .45 caliber pistol in his belt; that he and his partner searched appellant and took from him a large dinner ring (a platinum ring with diamond sets) and other rings, a watch, a gold religious cross on a gold chain, a bracelet and other items of jewelry.

Appellant did not testify, but called as a witness one Jack Broussard, a fellow prisoner in the same tank in the Harris County Jail. Broussard's testimony was to the effect that he was the burglar who stole the property and ran from the house. He

testified that he put the stolen money and other property in a sack and hid it, and made his escape, and that when he went back to pick it up it was gone.

Both Mrs. Lee and Mrs. Burnham testified that Broussard was not the man who ran from the house.

The jury resolved the issue against appellant.

Appellant's first contention is that there is a fatal variance because the state failed to prove the taking of all of the items which were alleged to have been stolen. We find no merit in such contention. The allegation that $131.11 in money of the value of $131.11 was established by the evidence. The possession of a part of the stolen property being sufficient under the rule that from such possession, theft of the whole may be inferred. Mason v. State, 167 Texas Cr. Rep. 516, 321 S.W. 2d 591, and cases cited.

He next contends that the admission in evidence of three bottles labeled paregoric, taken from appellant's possession at the time of his arrest, was error calling for reversal in that an extraneous offense was shown.

The record reveals that the officer testified without objection that he recovered some paregoric from the appellant, and there was no proof as to what the paregoric bottles introduced over objection contained. We see no error which would warrant reversal.

Appellant's remaining claims for reversal relate to appellant's arrest and search, which appears to us from the record to have been authorized. Jones v. State, 352 S.W. 2d 270, and cases cited; Rutherford v. State, 135 Texas Cr. Rep. 530, 121 S.W. 2d 342.

The judgment is affirmed.