**Hollis Gene MOONEY, Appellant, and George Earl Thomas, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 42241, 42240.**

Court of Criminal Appeals of Texas.

Sept. 22, 1969.

Rehearing Denied in No. 42240
Dec. 3, 1969.

W. Alfred Winder, George T. Morris, Fort Worth, for appellants.

Frank Coffey, Dist. Atty., Ben Tompkins, George McManus, Truman Power and John Garrett Hill, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is felony theft; the punishment, for each appellant, four (4) years.

Though indicted separately for the same offense, these two appellants were tried together and two identical records were submitted. We will dispose of their sole question as to the sufficiency of the evidence to sustain these convictions.

Officer Stone testified that while on patrol at 1:30 a.m. on the night in question he observed these two appellants loading brake shoes into a pickup from a pile near the dock of Southwest Brake Co. He stopped momentarily and inquired if they were not working late and they said that they were and, when being asked where their boss was, they replied that he had gone for coffee. Stone testified that he drove away but soon "killed" his headlights and doubled back and watched them for approximately ten minutes until they drove away, whereupon he followed them for four blocks and brought their pickup to a halt. He informed the two that he had been trying to reach Mr. Williams, the owner of Southwest Brake Co. by radio to inquire as to their authority to be on the premises but had not been able to do so and that he wanted to note their identity. During this conversation, he received a call on the radio informing him that Williams had been reached and had denied any connection with appellants. Thereupon Stone ordered the appellants to return to the Brake Co., and Williams arrived and identified the brake shoes as being his and the paper cartons under the shoes as stenciled by him by number. Thereupon the appellants were arrested and their pickup impounded.

Williams, the owner of Southwest Brake Co., gave complete details of the nature of his business and how he was able to positively identify at least 100 of the 762 brake shoes found in the pickup truck, and place value on these items.

Appellant Thomas testified and gave a bizarre story. His version was that sometime before the night in question he had contacted Williams about selling him brake shoes, which he customarily bought from wrecking yards as he pursued his used battery business, and that Williams had told him he would buy certain types and that they could be delivered at night, as Williams often worked at night. He testified that he went by Mooney's home, woke him up, loaded up the brake shoes and drove to Williams' place of business and that he had neither loaded nor unloaded any brake shoes when they were accosted by Officer Stone. He stated that after Stone's departure, while he went to look for the person in charge, Mooney unloaded some of the shoes from the pickup. Upon his return to the pickup, having found no one on the premises, he and Mooney reloaded what he thought Mooney had unloaded and while doing so, may have accidentally gotten a few of Williams' brake shoes.

Both Stone and Williams were called in rebuttal and completely destroyed Thomas' defense.

The rule is well settled that, from the possession by an accused of a part of the stolen property, theft of the whole may be inferred and a conviction sustained. Hill v. State, 172 Tex.Cr.R. 268, 356 S.W.2d 321, Mason v. State, 167 Tex.Cr.R. 516, 321 S.W.2d 591 and cases there cited.

Appellant's contention that misdemeanor theft alone was proven is accordingly overruled, and the judgment of the trial court as to each appellant is affirmed.