STATE of Missouri, Respondent,

v.

**Charles M. STUTTS, Appellant.**

No. WD 39990.

Missouri Court of Appeals,
Western District.

Sept. 6, 1988.

Melinda K. Pendergraph, Columbia, for appellant.

William L. Webster, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

Charles M. Stutts was found guilty by a jury of one count of rape and two counts of sodomy. The court sentenced Stutts, in accordance with the jury verdict, to terms of one hundred years on each count with the sentences to run consecutive.

Stutts contends there was trial error in requiring him to remove his glasses prior to an in-court identification. Affirmed.

The offense occurred in Gladstone, Missouri in Clay County. A prior trial was conducted on a change of venue in Boone County and Stutts was found guilty. On appeal that conviction was reversed. *State v. Stutts*, 723 S.W.2d 594 (Mo.App.1987). Thereafter, venue was changed to Callaway County.

The evidence adduced at this trial was virtually the same as that recounted in

*Stutts, supra.* The elderly victim testified that a man broke into her home during the early morning hours of July 27, 1984. The victim heard the sound of breaking glass and shattering wood and attempted to secure her bedroom door before the intruder reached it, but was unsuccessful. When the intruder entered the bedroom she testified that there was sufficient light to observe him and that she immediately recognized him as Charles Stutts because he had worked around her house as an employee of a contractor she had employed. The victim recounted the details of the rape and sodomy which occurred in both the bedroom and bathroom.

Investigating officers found an arm hair on a broken garage window and a pubic hair in the bathroom. Both hairs were found to be consistent with hair samples taken from Stutts. A palm print lifted from the edge of the bathtub matched the palm print of Stutts.

Footprints made by stocking feet on the highly waxed hardwood floor of the kitchen and family room were photographed with reflective ultraviolet photography and the sock prints were found to be consistent with Stutts' footprints.

During the trial the prosecutor informed the court that Stutts was wearing glasses in court, but the intruder had not been wearing glasses. The prosecutor requested the court to order Stutts to remove his glasses. Counsel for Stutts objected to the request. The court took a recess and ordered the jury and the victim to leave the court room. Out of the presence of the jury and victim, the court ordered Stutts to remove his glasses which he did. The trial resumed and the victim identified Stutts as the assailant, although she had identified two other men in the court room prior to that time.[1] The victim explained that she had not considered the men sitting at the counsel table where Stutts was seated when she had previously identified others because she thought that all of the persons at the counsel table were lawyers. With that explanation she identified Stutts.

The defense was alibi.

Stutts complains about a number of questions which the prosecutor propounded to the victim regarding identification of Stutts prior to the time that she actually pointed him out. However, Stutts in his brief concedes that there was no error on that ground because the court sustained all of the objections and Stutts thus obtained all of the relief which he requested. *State v. Jackson,* 664 S.W.2d 583, 585 (Mo.App. 1984).

Stutts contends that it was error to require him to remove his glasses. It should be observed that this was done out of the presence of the victim and jury so that the removal was not called to their attention. The procedure to be used at trial to identify a person is within the sound discretion of the court. *State v. Owens,* 620 S.W.2d 448, 450–51[7,8] (Mo. App.1981).

While no Missouri case has been located involving the removal of glasses, in *Rutherford v. State,* 135 Tex.Cr.R. 530, 121 S.W.2d 342, 344[3] (1938), the court found no error in requiring the defendant to remove his glasses so that a witness could observe him for the purpose of making an identification. While the objection in *Rutherford* was on the basis of a self-incrimination violation, the same result obtains in the face of the suggestive procedure objection raised here. This court fails to perceive any suggestiveness in having Stutts remove his glasses, especially in view of the removal being made out of the presence of the victim and jury. Certainly the court was within its discretion in following this procedure.

The JUDGMENT is AFFIRMED.

All concur.

---

1. There was no objection when the victim pointed out Stutts. However, her identification was not objectionable on the ground that she had *identified* two others prior to that because any indefiniteness or uncertainty in identification goes to the weight of her testimony and not its admissibility. *State v. Bevineau,* 552 S.W.2d 67 (Mo.App.1977).