Barry Lawrence **HUFF**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45930.

Court of Criminal Appeals of Texas.

April 4, 1973.

Ken L. Sanders, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Henry Oncken, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of theft of property over the value of $50.00. The punishment was assessed at ten years.

Appellant challenges the sufficiency of the evidence.

The record reflects that Pearl Joffrion's 1962 Catalina Pontiac was parked in front of her residence in Houston the evening of December 12, 1970, and that it was missing on the morning of December 13, 1970. Officer Joseph A. Albitre of the California highway patrol testified that on February 7, 1971, he stopped appellant in Bakersfield, California for a minor traffic violation. After appellant was unable to comply with a request to demonstrate a valid driver's license or car registration, Officer Albitre had the dispatcher run a stolen car check on the car appellant was driving. Within a few seconds a report was received that the car was on the stolen vehicle list from Texas. The vehicle identification number and license plate number of the vehicle were those of Mrs. Joffrion's vehicle.

Appellant called Olivia T. Calhoun who testified that she was with appellant at the time of his arrest in California and that prior to going to California they had spent the period of December 10 through December 14 in Pampa, visiting her relatives and friends. According to Miss Calhoun, they purchased the car in Los Angeles from one Charles Bell shortly after their arrival in California. She further testified that she had given appellant the cash to pay for the automobile and that in the process of moving she had misplaced the receipt given her.

On redirect examination, Officer Albitre testified that the appellant had told him at the time of the arrest that he had purchased the automobile, paying $100 down and owing $75.

■ The unexplained possession of recently stolen property is sufficient to support a conviction for theft of such property. English v. State, Tex.Cr.App., 441 S.W.2d 195.

■ To warrant an inference or presumption of guilt from the circumstance alone of possession, such possession must be personal and must be unexplained. 5 Branch's Ann.P.C.2d, Section 2650, page 96.

In the present case, the State proved that appellant was in possession of the stolen automobile, but the State also proved appellant's explanation at the time he was arrested that he had purchased it. The State neither refuted nor proved the falsity of such explanation.

■ Where a defendant's explanation is reasonable and is sufficient to rebut the circumstance of possession of property recently stolen, the evidence is insufficient to sustain the conviction if it fails to show that the explanation was false.

■ We hold that the evidence is insufficient to support the conviction.

The judgment is reversed and the cause is remanded.