Richard Dennis **CALLAHAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46643.

Court of·Criminal Appeals of Texas.

Nov. 21, 1973.

Rehearing Denied Dec. 19, 1973.

Mike Thompson, Dick Stengel, El Paso (on appeal only), for appellant.

Steve W. Simmons, Dist. Atty., Myer J. Lipson, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for burglary. The punishment was assessed at confinement in the Texas Department of Corrections for two (2) years.

Appellant's first three grounds of error present various challenges to the sufficiency of the evidence. The record reflects that the State's first witness was Officer Alfredo Bonilla, dispatcher for the El Paso Police Department. Officer Bonilla testified that at 1:22 a. m. on August 10, 1971, he received notice that a silent alarm had been activated at Carole's Liquor Store. This information was relayed to Officers Charles John Klimansky and Francisco Loya, whose patrol car was then located several blocks from the store. Arriving at the liquor store within a few minutes of the radio call, Officers Klimansky and Loya found appellant and the co-defendant, John Lester, standing by appellant's car, which was parked behind the liquor store.

Investigation by the officers revealed a window at the front of the store had been broken and dust impressions about the size of half-gallon bottles of whiskey on a counter adjacent to the broken window. Shining his flashlight into appellant's car, Officer Loya observed whiskey bottles partially protruding from beneath the rear seat. A tire tool and piston assembly were also found in the car. Appellant and the co-defendant related that they had stopped at the Seven-Eleven Store next to the liquor store when two unidentified men approached them and had given them $5.00 each to hold four half-gallons of whiskey for them until the next night; and that they agreed to do so and shortly thereafter had gone behind the liquor store to urinate.

Appellant's attack on the sufficiency of the evidence is multi-pronged. Initially, he claims that the "indictment . . . is defective in that there is a fatal variance between the allegations in the indictment and the proof offered by the state."

First, we observe that the failure of the evidence to sustain the allegations of the indictment does not render an indictment form defective.

It appears to be appellant's actual contention that the allegata does not meet the probata. Appellant advances the claim that the State's theory of the case was that the store's window was broken by a tire tool or piston rod found in appellant's car, when other evidence showed that a rock the size of a softball was found in the store near the ice machine "sometime after this incident.

The indictment alleges that the appellant " . . . did then and there unlawfully break and enter a house then and there occupied and controlled by Joe Feldberg . . . ." but it does not allege the means of such breaking, nor is the allegation of such means essential to the validity of the indictment. The State was only required to prove there was a "breaking" as defined in Article 1394, Vernon's Ann. P.C.

Although there was testimony that the officers found certain tools in appellant's car, the State made no effort to show that such tools had actually been used in the breaking of the window. Appellant, however, seizes upon such testimony and attributes a theory to the State and then calls attention to testimony he elicited that a rock had been found in the store sometime later and claims a variance between the allegata and probata.

There is clearly no merit to appellant's first contention.

Next, appellant contends the evidence is insufficient to show there was any intent to take corporeal personal property.

To support such contention appellant relies upon the testimony of the complaining witness Feldberg that he did not "make any determination" of how many bottles were actually missing from his store "that night."

His reliance upon such testimony is misplaced. It is well established that the validity of a conviction for burglary *with intent to commit theft* does not rest upon the actual theft of corporeal personal property following the "breaking," but only that it be done with the appropriate intent to commit theft. Therefore, if no property at all was stolen, the conviction for burglary with intent to commit theft may be sustained if all elements of such offense have been proven.

We further note that ". . . the act of breaking and entering a house at nighttime raises the presumption the act was done with intent to steal." Hutchinson v. State, 481 S.W.2d 881 (Tex.Cr.App. 1972).[1] In the instant case the evidence was sufficient to show that the burglary occurred during the nighttime—around 1:22 a. m. See Article 1396, Vernon's Ann.P.C.; 4 Branch's Ann.P.C., 2d ed., § 2534, p. 862.

Still further, we observe that Feldberg unequivocally identified the half-gal-

---

1. Accord: Clayton v. State, 493 S.W.2d 526 (Tex.Cr.App.1973); Gibson v. State, 434 S.W.2d 851 (Tex.Cr.App.1968).

lon liquor bottles taken from under the seat of appellant's car as coming from his store. The fact he may not have made "a determination" of exactly how many bottles were actually missing after the alleged burglary does not show the requisite intent was absent. In addition, Officer Klimansky testified he found dust impressions on the counter near the broken window which were the same size as the bottles discovered in appellant's car.

In Jones v. State, 458 S.W.2d 89, 92 (Tex.Cr.App.1970), this court said: "Ultimately the question as to whether the property found in the defendant's possession was that taken from the burglarized house is one for the jury's determination." Further, a jury's finding of intent to steal will not be disturbed on appeal where there is no testimony to indicate that such entry was made with any other intent. See Hutchinson v. State, supra; Hawkins v. State, 467 S.W.2d 465 (Tex.Cr.App.1971).

Appellant further urges that evidence, "being entirely circumstantial, is insufficient to support the conviction." We do not understand appellant to contend that a burglary conviction cannot rest upon circumstantial evidence, but only that the circumstantial evidence here offered was insufficient.

We observe that the trial court charged the jury on the law of circumstantial evidence, and a verdict of guilty was returned. When reviewing the sufficiency of the evidence, this court must consider the evidence in the light most favorable to the jury's verdict. Castaneda v. State, 491 S.W.2d 885 (Tex.Cr.App.1973); Roberts v. State, 483 S.W.2d 266 (Tex.Cr.App.1972); Jones v. State, 442 S.W.2d 698 (Tex.Cr.App.1969).

Appellant calls attention to the fact that there were no fingerprints discovered and that he was not found inside the store. Perhaps these facts could have persuaded the jury to acquit, but on appeal these facts are not enough for this court to overturn the jury's verdict.

Appellant also urges that the evidence is insufficient because his explanation made at the time of arrest for being behind the store with the bottles of whiskey under his car seat was never refuted by the State.

The testimony reflects that appellant and the co-defendant told the officers that shortly before their arrest and while they were at the Seven-Eleven Store next to the liquor store in question two men approached them and asked them to hold the four half-gallon bottles of whiskey and bring the whiskey back for them the next night. The appellant and his co-defendant were given $5.00 each for agreeing to the requested task. Several minutes later they went behind the liquor store to relieve themselves. On cross-examination of the appellant and his co-defendant, it was established that the young men who approached them were complete strangers to them, that they remained unidentified, that they gave no address, that no effort was made to get their license plate number, nor did the strangers "take down" the names and addresses of the appellant and co-defendant, and no reason was given as to why the request was made. The agreement was that they would meet again at the same store the next night about 8 p. m.

It should be remembered that a jury is not bound to accept an appellant's explanation of his possession of recently stolen property. Franklin v. State, 457 S.W.2d 53, 54 (Tex.Cr.App.1970). See also Chasco v. State, 154 Tex.Cr.R. 239, 226 S.W.2d 447 (1950); Lovell v. State, 138 Tex.Cr.R. 134, 134 S.W.2d 266 (1939); Garcia v. State, 96 Tex.Cr.R. 324, 257 S.W. 558 (1924); 10 Tex.Jur.2d, Burglary, § 92, p. 258; 5 Branch's Ann.P.C., 2d ed., § 2651, pp. 98–101. However, when the explanation is made at the time when the appellant's possession of recently stolen property is first challenged or questioned either directly or circumstantially, the necessity of showing the explanation is false is greater.[2] This is particularly true where

2. Recently, we held the evidence insufficient to support a car theft conviction where the State failed to disprove a defendant's explanation of his possession of recently stolen property. Huff v. State, 492 S.W.2d 532 (Tex. Cr.App.1973). But the arrest in *Huff* was

such explanation is reasonable and is sufficient to rebut the circumstance of possession of property recently stolen. See 5 Branch's Ann.P.C., 2d ed., § 2651, p. 100.

■ In the instant case the trial court charged the jury to acquit the appellant unless they found his explanation unreasonable and inconsistent with innocence, or if reasonable and consistent, then disproved by the State. After being so charged, the jury returned a verdict of guilty, implicitly rejecting the explanation.

It is not difficult to understand as to why the jury may have rejected the explanation as being unreasonable. It was too tall a tale to swallow. Appellant would have had the jury to believe that complete strangers approached him and his companion in the early morning hours and paid them $10.00 in advance to care for four half-gallons of whiskey until 8 p. m. the next day without an exchange of identities, etc.

■ Still further, the falsity of an explanation may be shown by circumstantial evidence and determined by the jury in light of all of the facts. Corley v. State, 160 Tex.Cr.R. 504, 272 S.W.2d 354, 358 (1954) (reversed on other grounds on rehearing). Cf. Windom v. State, 429 S.W.2d 488 (Tex.Cr.App.1968).

We cannot agree that the evidence is insufficient to support the conviction on the ground urged by the appellant as discussed above.

■ Appellant also urges that the conviction must fall since the rule discussed in Ysasaga v. State, 444 S.W.2d 305 (Tex.Cr.App.1969) was violated.

The rule in question is set forth in 24 Tex.Jur.2d, Evidence, § 745, p. 427.

"Where the circumstantial evidence relied on by the prosecution is obviously weak, and where the record on appeal affirmatively shows not only that other testimony which would have cast additional light on the facts was available to the prosecution, but also that the prosecution did not introduce such other evidence or satisfactorily account for its failure to do so, the appellate court will treat the case as one showing reasonable doubt of the sufficiency of the evidence to support the conviction." See also Hollingsworth v. State, 419 S.W.2d 854 (Tex.Cr.App.1967); King v. State, 396 S.W.2d 409 (Tex.Cr.App.1965); Ramirez v. State, 163 Tex.Cr.R. 109, 289 S.W.2d 251 (1956).

First, it should be observed that the rule applies only in obviously weak circumstantial evidence cases, and if the circumstantial evidence is not obviously weak, the rule has no application. Gonzales v. State, 466 S.W.2d 772 (Tex.Cr.App.1971). In the instant case the appellant and his companion were found in the rear of the burglarized store around 1:30 a. m. some eight to ten minutes after a burglar alarm had been set off in possession of bottles with the store's tags on them, etc. The rule discussed has no application to the instant case. Even if it did, there is no showing that the State had other witnesses or evidence available which would cast additional light on the facts and failed to produce the same or account for its failure to do so.

In Jones v. State, 442 S.W.2d 698 (Tex.Cr.App.1969), it was stated:

"It is not necessary that every fact point independently and directly to the guilt of a defendant. It is enough if the conclusion of guilt is warranted by com-

for a minor traffic violation in California two months after the car was stolen in Houston. In the instant case the arrest occurred immediately behind the burglarized liquor store at around 1:30 a. m. Moreover, in *Huff* the explanation was that the nine year old car had been purchased for $175.00 from a named vendor. The explanation in the instant case is that two strangers promised to pay appel-

lant and the co-defendant $5.00 each to hold the whiskey until the following night. Corroborating the explanation in *Huff* was a witness who was not a co-defendant and who also stated appellant was with her in Pampa on the date of the offense in Houston. In addition we note that, unlike the instant case, in *Huff* the explanation came in as part of the State's own proof.

bined and cumulative force of all incriminating circumstances."

We find the evidence sufficient to sustain the jury's verdict.

■ Lastly, appellant complains of the introduction of a photostatic copy of an IBM card in place of the original. The card in question was one made by Officer Bonilla, the dispatcher, when he received notice the silent burglar alarm at the liquor store had been activated. Bonilla related that the entries on the exhibit as to time of receipt of the notice and time he dispatched officers, etc., were all in his own handwriting.

The exhibit, the photostatic copy, is not in the appellate record before us which was approved without objection. It appears from the record before us that all entries on the card were testified to by Bonilla or other witnesses without objection. We fail to perceive from the record before us that the error, if any, was reversible error.

The judgment is affirmed.