Edwin Bell McLEMORE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0622–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 5, 1982.

Murry Cohen, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for the State.

Before EVANS, C.J., and WARREN and BASS, JJ.

## OPINION

EVANS, Chief Justice.

After pleading nolo contendere, the appellant was convicted of two counts of burglary of a habitation. In his first ground of error, he contends that the evidence is insufficient to support his conviction.

We sustain this ground and reverse the trial court's judgment, directing entry of a judgment of acquittal.

At a trial before the court, the State introduced two stipulations, one listing the property taken at each of the two burglarized homes, and the other, signed by the appellant, stating the following:

I stipulate that on April 2, 1981, W.W. Seeley owned a habitation in Harris County, Texas and that on April 2, 1981, that habitation was unlawfully entered without the effective consent of W.W. Seeley and property was taken from the habitation without the effective consent of W.W. Seeley. W.W. Seeley did not give Edwin Bell McLemore, Jr. or Gerald Ashely his effective consent or permission to enter his home or to take any of his personal property.

I stipulate that on April 2, 1981, Michael Latham owned a habitation in Harris County, Texas and that on April 2, 1981, that habitation was unlawfully entered without the effective consent of Michael Latham and property was taken from the habitation without the effective consent of Michael Latham. Michael Latham did not give Edwin Bell McLemore, Jr. or Gerald Ashley his effective consent or permission to enter his home or to take any of his personal property.

I further agree to the admission into evidence of the testimony heard by this Court on April 22, 1981 in this cause number as it relates to testimony of Deputy Clarke and Deputy Marcus concerning items recovered at the time of my arrest. I further stipulate to the oral admission of testimony offered by the State in this plea of nolo contendre concerning the specific property taken in the burglaries of the habitations of W.W. Seeley and Michael Latham and the subsequent recovery and identification by W.W. Seeley and Michael Latham.

The testimony of the two deputy constables referred to in the last paragraph of the stipulation is contained in the transcript of the hearing on appellant's Motion to Suppress. Deputy Clark testified that while on routine patrol in the City of Houston, he noticed a car that had neither license plates nor an inspection sticker. The officer turned on his overhead lights and stopped the vehicle, intending to check the occupant's driver's license. The appellant, who was driving the automobile, got out of the car and met the officer at the rear of the vehicle. He produced a valid driver's license, and within a short period of time a second officer, Deputy Marcus, arrived at the scene. While Deputy Marcus questioned the appellant, Deputy Clark asked the passenger for identification, and was told that the only thing he had with him bearing his name was a rent receipt. Deputy Clark decided to "hold" the appellant to find out who owned the automobile, and he kept the appellant's driver's license.

The appellant was not free to leave at that time. Deputy Clark called his dispatcher to determine if there were any outstanding warrants against the appellant or the passenger. He asked both of the men if they owned the automobile, and they told him they had borrowed it that morning from a friend to seek employment. In the back seat of the automobile, the officers could see a television set and two calculators or adding machines. When the men were asked who owned these items, they said the merchandise had been in the automobile when they picked up the car that morning. Both the appellant and his passenger stated that they did not own anything in the car, that everything belonged to the car owner. The officer tried to learn from his dispatcher who owned the automobile, but his office could find no registration on it.

The second officer, Deputy Marcus, testified that he drove to the scene for the purpose of providing a "back-up" for Officer Clark. He asked the driver and the passenger whether they owned the automobile and they said they did not. Both men also denied ownership of the merchandise in the back seat. He asked the driver where the license plates were, and the driver responded that he did not know. The officer suggested that the license plates might be in the trunk, and the driver stated that it was a possibility. He asked the driver whether he minded if they looked in the trunk to see if the license plates were inside. The appellant said that he did not mind at all, to "go ahead." The driver took the keys from the ignition and opened the trunk. Upon looking in the trunk, the officers saw a tricycle, a spare tire, a paper sack, and some toys. The paper sack contained a revolver and an automatic pistol. The officer placed the guns back in the trunk and asked the driver to step to the front of the vehicle.

While the officers were at the scene, Deputy Marcus received a call from his dispatcher concerning a burglary that had been committed that morning. The dispatcher told him that two handguns had been taken from that location. The scene of the burglary was about four blocks away,

and Deputy Marcus drove over to the home and talked to the owner. He asked for a description of the handguns and found that it fit the description of the two handguns he had observed in the trunk of the automobile. He returned to the scene of the arrest with the home owner and was present when the two handguns were identified as being those taken in the burglary. A third officer, Sgt. Nelson, then formally placed the appellant and his passenger under arrest. At that time, a second call was received from the dispatcher concerning another burglary in the area. The two men were placed in the patrol car, and Sgt. Nelson and Officer Clark drove with them to the second burglarized residence. After making an inventory of the vehicle, Deputy Marcus drove to that location and observed the owner identify the television set and calculators as having been taken during the burglary.

■ The appellant, citing *Olguin v. State*, 601 S.W.2d 941 (Tex. Crim. App. 1980) and *Naquin v. State*, 607 S.W.2d 583 (Tex. Crim. App. 1980), contends that his possession of the stolen merchandise was not established merely by showing that he was the driver of the car in which the items were found. In the case at bar, the State was attempting to prove that the appellant had committed the burglaries by offering circumstantial evidence of his unexplained possession of recently stolen property. Under appropriate circumstances, a conviction will be upheld on such proof. *Cf. Ward v. State*, 581 S.W.2d 164 (Tex. Crim. App. 1979); *Adams v. State*, 552 S.W.2d 812 (Tex. Crim. App. 1977).

The appellant further argues that, even if the circumstantial proof was sufficient to show that he was in possession of the stolen property, that alone did not justify a presumption that he had committed the burglaries. He cites *Rodriguez v. State*, 549 S.W.2d 747 (Tex. Crim. App. 1977), in which the court set forth the test for determining whether a defendant's guilt may be presumed from the possession of property stolen in a recent burglary:

An inference or a presumption of a defendant's guilt of a burglary or of a theft sufficient to sustain a conviction may arise from the appellant's possession of property stolen or taken in a recent burglary. However in the prosecution for either a theft or a burglary, to warrant such an inference or presumption of guilt from the circumstances of possession alone, such possession must be recent, must be unexplained, and must involve a distinct and conscious assertion of right to the property by the defendant. See 5 Branch's Ann. 2d ed., Sections 2537 and 2650. 10 Tex. Jur. 2d 250, Burglary, Section 88; *Crain v. State,* 529 S.W.2d 774 (Tex. Cr. App. 1975); *Randolph v. State,* 505 S.W.2d 845 (Tex. Cr. App. 1966); *Hayes v. State,* 464 S.W.2d 832 (Tex. Cr. App. 1971); *McKnight v. State,* 399 S.W.2d 552 (Tex. Cr. App. 1966); *Russell v. State* [86 Tex. Cr. R. 609], 218 S.W. 1049 (1920); *Russell v. State,* 86 Tex. Cr. R. 580, 218 S.W. 1051 (1920). The appellant asserts that the State's evidence did not meet this test because his possession, if any, was not unexplained and did not involve a "conscious assertion of right to the property." We agree.

Officer Clark testified that both the appellant and his passenger immediately explained to him that they had borrowed the automobile from a friend earlier that morning in order to seek employment. He said they produced a card which had the friend's name and telephone number on it. Officer Clark made no attempt to check out the alleged owner's name and telephone number and did not give the information to his dispatcher. Both men also told the officer that all of the items in the automobile were there when they picked up the car that morning.

■ The State offered no evidence to prove that the burglary had occured after the appellant obtained possession of the automobile, nor did it in any manner discredit the explanation given by the appellant and his passenger at the scene of the arrest. "Where a defendant's explanation is reasonable and is sufficient to rebut the circumstances of possession of property recently stolen, the evidence is insufficient to sustain the conviction if it fails to show that the explanation was false." *Huff v. State,* 492 S.W.2d 532, 533 (Tex. Crim. App. 1973). Since the evidence in the case at bar does not refute or establish the falsity of the explanation given by the appellant at the scene of his arrest, the State's proof does not justify the inference or presumption that he committed the burglaries. *Perkins v. State,* 630 S.W.2d 298 (Tex. Civ. App.—Houston [1st Dist.] 1981, writ dism'd); *Rodriguez v. State, supra.* Accordingly, the first ground of error is sustained.

■ In his second ground of error, the appellant asserts that the trial court erred in denying his Motion to Suppress Evidence. He claims that after he produced his driver's license and the name and telephone number of the owner of the automobile, the police had no probable cause to hold him in detention, and that he was illegally detained for a period of at least thirty-five minutes, during which time the burglary reports were received and the stolen merchandise identified. This ground of error is overruled. During the appellant's detention, the officers were continuing their attempt to obtain registration information concerning the automobile. The length of the detention was not, under the circumstances, unreasonable.

In his third ground of error, the appellant points out that the judgment incorrectly indicates the entry of a guilty plea, rather than the plea of no contest actually entered. The State agrees, and the judgment is accordingly reformed to show the entry of a plea of nolo contendere.

The trial court's judgment, as so reformed, is reversed, and the trial court is directed to enter a judgment of acquittal.