Lloyd E. SANDERS, Appellant,

v.

The STATE of Texas, State.

No. 2–84–215–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 29, 1984.

Roderique S. Hobson, Jr. and Carlton McLarty, Lubbock, for appellant.

Jim Bob Darnell, Crim. Dist. Atty., and Hollis M. Browning, Asst. Crim. Dist. Atty., Lubbock, for State.

Before HUGHES, BURDOCK and HILL, JJ.

## OPINION

HILL, Justice.

The appellant, Lloyd Edward Sanders, appeals from his conviction by a jury of the offense of burglary upon his plea of not guilty. The trial court assessed his punishment at eighteen years in the Texas Department of Corrections. He urges that the evidence was insufficient to support his conviction, and that the trial court erred in failing to charge the jury on his defense of "good faith purchase."

We affirm, because we find that the evidence is sufficient to support the conviction, and because we find that Sanders' "good faith purchase" defense was not raised by the evidence.

In ground of error number one, Sanders asserts that the evidence is insufficient to support the conviction.

■ In reviewing the sufficiency of the evidence in either a direct or circumstantial evidence case, we must view the evidence in the light most favorable to the jury's verdict and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983); *Freeman v. State*, 654 S.W.2d 450, 456 (Tex.Crim.App. 1983).

Sergeant Kenneth Fowler of the Lubbock Police Department testified that he was on patrol at about 12:45 a.m. on the morning of January 16, 1983, when he observed a black male, wearing a dark-colored jacket with white trim, standing on the corner next to the Arrow Pawn Shop, the shop which was later burglarized. Fowler noted the man's appearance, but did nothing further because nothing unusual was going on. A few minutes after he left

the area, Fowler received a report over the police radio that a burglar alarm had been tripped at Arrow Pawn. At that time, Fowler broadcast his description of the man that he had seen on the corner.

Patrolman Jerry Webster testified that after responding to the alarm and arriving at Arrow Pawn, he saw that a window had been broken out of the building. Inside the window there were three holders, two of which were holding guitars.

Scott Elmore, an employee of Arrow Pawn, testified that after he arrived at the scene he found that a guitar had been taken from the pawn shop display window. He identified a guitar shown to him by Officer Claude Jones as being the guitar which was taken in the burglary.

Officer Jones, after receiving the report of the burglary and of the missing guitar, arrested Sanders about eight blocks from Arrow Pawn. Sanders, a black male, was wearing a black coat with white trim and was carrying the guitar which had been taken in the burglary. After he had been properly warned of his rights, Sanders advised Jones that he had just bought the guitar a minute or two earlier from a Mexican male in an alley. He said that he had paid $25.00 from his paycheck for the guitar. He further related to Jones that he had also bought something to eat and a bottle of wine from the same paycheck. Sanders did not know the name of the Mexican male, nor did he know where he lived. He had no bill of sale for the guitar. He told Jones that he did not know how to play the guitar, but he thought that he might try to learn.

Steve Sexton, the manager of the Yellow Cab Company, testified that the company employed Sanders for one night, January 13, 1983, and that they gave him a paycheck on January 14, 1983, in the amount of $25.25, and that was the only amount they paid him.

We find that the evidence is sufficient to support the conviction. *Adams v. State*, 552 S.W.2d 812 (Tex.Crim.App.1977); *Callahan v. State*, 502 S.W.2d 3 (Tex.Crim.

App.1973). The appellant insists that the evidence was not sufficient because the State did not rebut his explanation for the possession of the property taken in the burglary. The finder of fact is not bound to accept an appellant's explanation of his possession of recently stolen property. *Callahan, supra.* However, when the explanation is made at the time when the appellant's possession of recently stolen property is first challenged, either directly or circumstantially, the necessity of showing the explanation is false is greater. *Callahan, supra.* However, the falsity of an explanation may be shown by circumstantial evidence and determined by the jury in light of all the facts. *Callahan, supra.*

Sanders relies on the cases of *Huff v. State*, 492 S.W.2d 532 (Tex.Crim.App.1973), and *McLemore v. State*, 638 S.W.2d 211 (Tex.App.—Houston [1st Dist.] 1982, no pet.).

Both of the cases cited by Sanders are authority for the proposition that where a defendant's explanation of possession of recently stolen property is reasonable, the evidence is insufficient to sustain the conviction if it fails to show that the explanation was false. *Huff, supra; McLemore, supra.* The difference between the facts in those two cases and the case at bar is that in those two cases there was no evidence that the defendants' explanations were false or unreasonable.

In *Huff*, when the defendant was arrested in a stolen car nearly two months after its theft, he explained that he had purchased the car for $175.00. His companion at the time of the arrest testified that she had given him the cash to pay for it, but had misplaced her receipt. In *McLemore*, the defendant was arrested twenty days after a burglary in a car which contained the property taken in the burglary in the back seat and in the trunk. At the time of his arrest, the defendant in that case explained that he had borrowed the car that morning to seek employment. He gave police the name and address of the friend who loaned him the car. The cir-

cumstances in *Huff* and *McLemore* did not refute the reasonableness or truthfulness of the defendants' explanations. In the case at bar, the fact that Sanders, who did not play a guitar, purchased the guitar in the middle of the night from an Hispanic male he did not know, while it still had the pawn shop price tag on it, coupled with the fact that someone matching his description had been seen at the pawn shop just minutes before the burglary, raises a question as to the reasonableness and truthfulness of Sanders' explanation. The jury resolved that question against Sanders. We overrule ground of error number one.

In ground of error number two, Sanders contends that the trial court erred by not submitting a charge to the jury on Sanders' defense of "good faith purchase." A defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence regardless of whether it is strong, feeble, unimpeached, or contradicted, and even if the trial court is of the opinion that the testimony is not entitled to belief. *Warren v. State*, 565 S.W.2d 931 (Tex.Crim.App.1978). On the other hand, it is not error to fail to submit a charge on an affirmative defense which is not raised by the evidence. *Denison v. State*, 651 S.W.2d 754 (Tex.Crim.App.1983). The defense which Sanders refers to is apparently the defense which a person charged with theft by receiving property has when the person asserts that he or she received the property without knowledge that it was stolen. *Cozby v. State*, 506 S.W.2d 589 (Tex.Crim.App.1974) and 5 Marvin O. Teague, *Texas Criminal Practice Guide*, sec. 127.101 (rev. 1984). The appellant presents no authority which would hold that such an instruction is required in a burglary case. We need not decide whether such an instruction is required in a burglary case in which the defense of good faith purchase of the stolen property is raised by the evidence, because Sanders presented no facts at trial which would show that he did not believe that the guitar was stolen. The facts, as we have outlined them above, do not constitute evidence of a "good faith purchase." Sanders relies on the case of

*Cozby v. State, supra,* and *Stokes v. State,* 126 Tex.Cr.R. 377, 71 S.W.2d 882 (1934). In *Cozby,* the defendant was accused of receiving and concealing stolen property, an automobile. He testified at trial that he bought the car and paid full value for it not knowing that it was stolen. In the case at bar there were no facts presented which would show a belief on Sanders' part that the guitar was not stolen. The *Stokes* case did not involve an acquisition of property by purchase and is therefore not applicable to the facts in this case. We overrule ground of error number two.

The judgment is affirmed.