**Willard Eugene ELLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0422–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 23, 1985.

Steve Hebert, Hebert & Dunham, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Roe Morris, Harris County Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and COHEN and DUNN, JJ.

**OPINION**

DUNN, Justice.

A jury convicted the appellant of theft, found two enhancement paragraphs to be true, and assessed punishment at 45 years confinement. We reverse and order a judgment of acquittal.

In his sole ground of error, appellant contends that there was insufficient evidence arising from his possession of recently stolen property to support an inference of guilt.

The record reveals that on March 15, 1984, Rick Cogsgrove, the complainant, parked his truck near the building in which he worked. He did not see the truck again

until the next day when he reclaimed it from a storage yard after receiving a telephone call from the Harris County Sheriff's office. Mr. Cogsgrove testified that before his truck was stolen, it was in good condition except for a slight dent in the hood. When he recovered the truck, the complainant found that the hood latch was missing, the ignition switch had been ripped out, and the lock on the left vent window had been broken.

Officer William Hilden of the Harris County Sheriff's Department testified that on March 16, 1984, he went to 5501 Charrin to investigate a report of a stolen vehicle. When he arrived at that location, Officer Hilden observed the appellant working underneath the hood of the truck. The truck was later identified as the vehicle Mr. Cogsgrove had reported stolen.

The officer further testified that before he arrested appellant, he asked him to explain what he was doing to the truck. The appellant answered that he was repairing the broken hood latch. The appellant also stated that a man named Thomas Ray had brought the car to him for repair. There was no evidence that this claim was false or that the police ever investigated the claim. At the end of Officer Hilden's testimony, the State rested.

Appellant argues that there is insufficient evidence because the State failed to disprove the appellant's reasonable explanation for his possession of the truck.

■ In reviewing the sufficiency of direct or circumstantial evidence, we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Christian v. State*, 686 S.W.2d 930 (Tex.Crim.App.1985); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App. 1983). Generally, if a defendant is found in possession of recently stolen property and fails to make a reasonable explanation showing his honest acquisition of the property at the time of his arrest, the factfinder may draw an inference of guilt. *Hardesty v. State*, 656 S.W.2d 73 (Tex.Crim.App.

1983); *Williams v. State*, 631 S.W.2d 171 (Tex.Crim.App.1982).

However, before an inference of guilt may arise from the circumstances of possession alone, such possession must be recent, unexplained, and must involve a distinct and conscious assertion of right to the property by the defendant. *McLemore v. State*, 638 S.W.2d 211, 214 (Tex.App.— Houston [1st Dist.] 1982, no pet.); *see also Glover v. State*, 689 S.W.2d 300 (Tex.App. —Houston [1st Dist.], April 18, 1985) (not yet reported).

There must also be evidence in the record that the defendant's explanation is false or unreasonable. *See Sanders v. State*, 675 S.W.2d 343 (Tex.App.—Fort Worth 1984, no pet.). Thus, if the defendant offers a reasonable explanation which sufficiently rebuts the circumstances of possession of recently stolen property, the evidence is insufficient to sustain the conviction unless it shows that the explanation was false. *McLemore*, 638 S.W.2d at 214; *Huff v. State*, 492 S.W.2d 532 (Tex.Crim.App.1973). When the explanation is made at the time of arrest, the necessity of showing that the explanation is false is even greater. *See, e.g., Callahan v. State*, 502 S.W.2d 3 (Tex. Crim.App.1973); *see Sanders v. State*, 675 S.W.2d 343.

In *Huff*, the court found the evidence insufficient to support a conviction for the offense of theft of property over the value of $50, where the defendant explained at the time of his arrest that he had purchased the stolen car for $175. Although the defendant also presented the testimony of his companion, who stated that she had given him the money to purchase the car, the court based its decision on the failure of the State to refute or show that the explanation was false. 492 S.W.2d at 533.

In *McLemore*, this court considered a case in which the defendant was stopped by officers for driving an automobile without a license plate or inspection sticker. The officers observed property that had been stolen earlier that day in the back seat of the car. At the time of his arrest,

the defendant stated that he had borrowed the car to seek employment. This court found the evidence insufficient to sustain a conviction for the offense of burglary of a habitation because the State offered no evidence to discredit the explanation given by the appellant at the scene of arrest. Therefore, we held that since the evidence offered by the State did not refute or establish the falsity of the explanation given by appellant at the scene of his arrest, it did not justify the inference that the defendant committed the burglaries. 638 S.W.2d at 214.

The State argues that it need not prove that the appellant's explanation was false, because it was not a reasonable explanation. In *Sanders v. State*, 675 S.W.2d 343, the court found that the circumstances of appellant's possession of a stolen guitar refuted the reasonableness or truthfulness of the defendant's explanation. However, in that case, the defendant, who did not play a guitar, purchased a guitar in the middle of the night from a man whose name he could not recall, while the guitar still had the price tag on it. The record also showed that someone matching appellant's description had been seen at the pawn shop from which the guitar had been stolen just prior to the burglary. Further, Sanders was arrested eight blocks from the store that was burglarized soon after the burglar alarm went off.

In contrast, the circumstances of the instant case do not refute the reasonableness of the appellant's explanation at the time of arrest. One of the State's own witnesses, Officer Hilden, testified that appellant was observed working on the stolen vehicle, during the daytime, in plain view. The hood latch on the truck was obviously broken, and appellant explained that he was repairing it for a man named Thomas Ray. Unlike the circumstances in *Sanders*, there is no other circumstantial evidence linking appellant to the theft of the truck.

Under the circumstances outlined, the appellant's explanation was reasonable, and there was no evidence to refute or establish the falsity of the explanation. Thus, there is no inference that appellant committed the offense, and the evidence is insufficient to support the conviction.

The ground of error is sustained.

The judgment of conviction is reversed, and a judgment of acquittal is entered.