Cardell **BUCHANAN**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–88–01521–CR.

Court of Appeals of Texas, Dallas.

Nov. 6, 1989.

Molly Meredith LeNoir, Dallas, for appellant.

Karen R. Wise, Dallas, for appellee.

Before ENOCH, C.J., and BAKER and ONION [1], JJ.

## OPINION

ENOCH, Chief Justice.

Appeal is from a bench trial conviction of the offense of burglary of a vehicle. Punishment, enhanced by two prior felony convictions, was assessed at sixty years confinement. Carwell Buchanan, Jr., appellant, in his first point of error, claims that the circumstantial evidence presented at trial showing appellant in possession of stolen property, is insufficient to sustain appellant's conviction for burglary of a vehicle. In his second point of error, appellant claims that his conviction for burglary of a vehicle is void due to the absence in the record of a written waiver of jury trial approved by the trial court and signed by appellant and the prosecutor. We overrule both points of error and affirm the judgment of the trial court.

The complainant testified that on August 30, 1988, she was on R.L. Thornton Freeway at the Ferguson exit in the City of Dallas when her car ran out of gas. She left her locked car and walked to a gas station to call a friend for help. The complainant and her friend returned to the car. She then discovered that her rear car door

**1.** The Honorable John F. Onion, Jr., Presiding Judge, Retired, Court of Criminal Appeals, sitting by assignment.

had been unlocked and a clothes hanger was on the ground by her back door. Many items were missing from the car including her purse, driver's license, credit cards, social security card, watch and spare tire. She had not given anyone permission to enter her vehicle.

Officer Lee W. Wood testified that on September 1, 1988, at approximately 5:00 a.m., he and another officer were traveling northbound on Stemmons Freeway in Dallas when he observed a brown vehicle, in which appellant was a passenger, drive slowly past a parked car. The parked car was on the northbound shoulder of Stemmons Freeway. Both the driver and appellant were looking at the car as they drove past, then pulled over about twenty yards in front of the parked car. When the officers were about 25 to 30 yards away, appellant got out of the passenger's side of the brown vehicle and began walking towards the parked car. When appellant was approximately halfway between the brown vehicle and the parked car, he stopped and made eye contact with Officer Wood. Appellant stood there and Officer Wood kept his eyes on appellant the entire time. Officer Wood pulled in front of the brown vehicle, motioned appellant to come back to the police car, and motioned the driver of the brown vehicle out of the car.

Officer Wood asked appellant if the parked car belonged to him; appellant answered that it did not. Officer Wood then asked both men if they had any identification, and appellant answered that he did not have any identification. Officer Wood made a pat down search of both men and felt a wallet in appellant's left rear pocket. In response to Officer Wood's question about the wallet, appellant responded, "I just found that back there" and pointed back towards the place where he had been standing. Officer Wood removed the wallet from appellant's pocket. The wallet contained a driver's license and an identification card. The driver's license, when checked out, was shown to have been stolen. The driver's license belonged to the complainant and was one of the items taken from her car on August 30, 1988. Appellant was placed under arrest. No other items taken from the complainant's car were found on appellant or in the brown vehicle. Officer Wood said that he had observed appellant the whole time he was out of the vehicle and that at no time did appellant bend over or put his head down.

■ Appellant claims that the evidence presented at trial showing that he was in possession of stolen property is insufficient to sustain his conviction for burglary of a vehicle. When an insufficient evidence claim is made, this Court's standard of review is limited to determining whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Beardsley v. State*, 738 S.W.2d 681, 683 (Tex.Crim.App.1987); *Girard v. State*, 631 S.W.2d 162, 163 (Tex.Crim.App. [Panel Op.] 1982). This test for the sufficiency of the evidence applies equally to direct and circumstantial evidence cases. *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App. 1983).

■ Where there is independent evidence of a burglary, the unexplained possession of recently stolen goods may constitute sufficient evidence of guilt to support a conviction. *Harris v. State*, 656 S.W.2d 481, 483 (Tex.Crim.App.1983). To warrant such an inference of guilt from the circumstances of possession alone, such possession must be personal, recent, unexplained, and must involve a distinct and conscious assertion of right to the property by the defendant. *Jackson v. State*, 645 S.W.2d 303, 306 (Tex.Crim.App.1983); *Crain v. State*, 529 S.W.2d 774, 775 (Tex.Crim.App. 1975). Appellant argues that this inference of guilt is refuted because he offered an explanation for his possession of the driver's license at the time his possession of the stolen property was challenged.

■ We note that when the accused offers a reasonable explanation at the time his possession of the stolen property is first challenged, either directly or circumstantially, the necessity of showing the expla-

nation is false is greater than if the explanation is offered at a later time. *Callahan v. State*, 502 S.W.2d 3, 6 (Tex.Crim.App. 1973); *Sanders v. State*, 675 S.W.2d 343, 345 (Tex.App.—Fort Worth 1984), *affirmed*, 707 S.W.2d 78 (Tex.Crim.App. 1986). However, whether the explanation is reasonable is still a question of fact. *Smith v. State*, 518 S.W.2d 823, 825 (Tex. Crim.App.1975). The finder of fact is not bound to accept a defendant's explanation for possession of recently stolen property. *Callahan*, 502 S.W.2d at 6.

■ Appellant in his brief relies on the cases of *Huff v. State*, 492 S.W.2d 532 (Tex.Crim.App.1973) and *McLemore v. State*, 638 S.W.2d 211 (Tex.App.—Houston [1st District] 1982, no pet.). These cases taken together stand for the proposition that where a defendant's explanation of possession is reasonable, the evidence is insufficient to sustain the conviction if the State fails to show that the explanation was false. In those two cases there was no evidence that the defendants' explanations were false or unreasonable. *Huff*, 492 S.W.2d at 533; *McLemore*, 638 S.W.2d at 214. In the instant case, the explanation was challenged with contradictory evidence. Although appellant claimed to have found the wallet at the scene, the police officer testified that appellant was in his view the entire time and that appellant did not bend over or pick anything up. The judge, as the trier of fact, had sufficient evidence to conclude that appellant's explanation for possession of the stolen property was false. Thus, *Huff* and *McLemore* are distinguishable.

■ Appellant also claims that possession of the stolen property was not recent because the offense occurred on August 30, 1988, and the arrest occurred on September 1, 1988. Appellant cites no authority for the contention that possession of stolen property two days after the offense occurred is not recent. Whether possession of the stolen driver's license two days after the theft occurred is "recent" for purposes of the inference is a question of fact to be determined in light of all the circumstances. *Sutherlin v. State*, 682 S.W.2d 546, 649 (Tex.Crim.App.1984); *Smith*, 518 S.W.2d at 825; *Ellard v. State*, 509 S.W.2d 622, 624 (Tex.Crim.App.1974). The trial court as the trier of fact implicitly found that possession of the stolen property was recent for purposes of the inference. Here, less than two days after the property was stolen, it was found in the possession of appellant. In *Crain*, the Court of Criminal Appeals determined that possession of stolen property thirty days after the theft was "recent" for purposes of the presumption. *Crain*, 529 S.W.2d at 775. Appellant's possession of the driver's license two days after it was stolen constitutes possession of recently stolen property.

Appellant further claims that the evidence is insufficient to find him guilty of burglary because he did not make a distinct and conscious assertion of right to the stolen property. Appellant has consistently claimed that he found the wallet at the scene of his arrest on Stemmons Freeway. However, it was not until after a pat down search revealed the wallet containing the stolen driver's license and the identification card that appellant offered an explanation that the property had just been found. It was because Officer Wood's observation showed that appellant never bent over or picked anything up and the wallet contained stolen property, that appellant was arrested.

■ The trial judge, when sitting without a jury, is authorized to accept or reject any or all of the evidence. *Callahan*, 502 S.W.2d at 6; *Sanders*, 675 S.W.2d at 345. Appellant admits in his brief that possession of the driver's licence was personal to him. Although he told the police that he had just found the wallet, his explanation was disproved. The wallet was found in the back pocket of his pants under circumstances that called into question appellant's explanation. That is to say, appellant was spotted while approaching a parked car, which did not belong to him, on a freeway, under circumstances very similar to the original break in of the complainant's car. The fact finder could conclude beyond a reasonable doubt that appellant

was asserting a right to possession of the property.

It is well established that when evidence of theft is circumstantial and based on possession, and the person in whose exclusive possession the recently stolen property is found fails to give an explanation or gives a false explanation when called upon to explain or when the facts are such as to require an explanation from him, such will raise an inference of guilt from which a jury could reasonably conclude guilt. *Hardesty v. State*, 656 S.W.2d 73, 76 (Tex.Crim. App.1983); *Williams v. State*, 631 S.W.2d 171, 172 (Tex.Crim.App. [Panel Op.] 1982); *Ledford v. State*, 721 S.W.2d 486, 487 (Tex. App.—Corpus Christi 1986, no writ). Here appellant's explanation was found by the trier of fact to be false.

 In *Hardesty*, 656 S.W.2d at 77, the court stated that in addition to the inference of guilt raised by the unexplained possession of recently stolen property, the evidence when viewed as a whole must still be sufficient under normal standards of appellate review. In addition if the evidence supports an inference other than the guilt of appellant, a finding of guilt beyond a reasonable doubt is not a rational finding. *Wilson v. State*, 654 S.W.2d 465, 472 (Tex. Crim.App.1983). When viewed in its totality, the evidence supports a guilty verdict. The State showed that the original burglary of a vehicle occurred, that appellant was spotted while approaching a parked car which did not belong to him, on a freeway, under circumstances very similar to the original break in of the complainant's car. Appellant had on his person stolen property.[2] His explanation for possession was proven false. The judge as the finder of fact could reasonably conclude from the circumstances surrounding the original theft and the circumstances of the arrest that appellant was guilty of the offense of

burglary of a vehicle. Appellant's first point of error is overruled.

Appellant, in his second point of error, claims that his conviction is void due to the absence in the record of a written waiver of jury trial approved by the trial court and signed by appellant and the prosecutor. Since a written waiver of jury trial, signed by both appellant and the prosecutor and approved by the court, now appears in the record, appellant's second point of error is overruled.

The judgment of the trial court is affirmed.

---

2. The rule is well settled that, from the possession by an accused of a part of the stolen property, theft of the whole may be inferred and a conviction sustained. *Mooney v. State*, 444 S.W.2d 761, 763 (Tex.Crim.App.1969) citing *Hill v. State*, 172 Tex.Crim. 268, 356 S.W.2d 321 (1962); *Mason v. State*, 167 Tex.Crim. 516, 321 S.W.2d 591 (1959). Here possession of the stolen drivers license, which was stolen at the same time as the other items, is sufficient to warrant a conclusion of possessor's theft. *See Clark v. State*, 149 Tex.Crim. 537, 197 S.W.2d 111, 113 (1946).