Opinion issued February 1, 2007















In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00441-CR

 __________



ERVIN LYDELL NEWTON, Appellant


V.


THE STATE OF TEXAS, Appellee







On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 1017911






MEMORANDUM OPINION


 A jury found appellant, Ervin Lydell Newton, guilty of theft over $1,500 and
under $20,000, enhanced by two prior felony convictions, and assessed punishment
at six years in prison. In three points of error, appellant argues that (1) the evidence
was factually insufficient to support the conviction, (2) the trial court erred in
refusing to allow a jury instruction on the lesser-included offense of misdemeanor
theft, and (3) the trial court erred in denying his motion for mistrial when "Officer
Hulsey intentionally made unsolicited prejudicial remarks in front of the jury." We
affirm. 

 Background


 On December 23, 2003, Adolph Davis notified the police that his trailer and
the sound and lighting systems stored inside it were stolen from his apartment parking
lot. Davis also called his friends and asked them to be on the look out for his missing
trailer. Five days later, Dewayne Griffin, one of Davis's friends, saw the trailer being
towed behind a pickup truck. Griffin notified the police when the trailer that he was
following was driven into a gated townhouse complex.

 Houston Police Department Officers Arnold and Nickerson arrived at the
complex and questioned appellant about the trailer. Appellant explained that he had
recently bought the trailer from a man in Dallas. Appellant indicated that he had a
"partner" at the complex who would corroborate this story. Appellant and the
officers were unable to locate the "partner." At trial, Alesha Phillips testified that,
"right before Christmas," she gave appellant $300 to help purchase a trailer from "a
Hispanic guy by the name of Martin." Phillips saw appellant and Martin sign some
papers in front of Martin's house, and a notary was present. They did not take the
trailer with them because Phillips's car did not have a trailer hitch.

 Davis testified that the value of the trailer is $5,000 plus the light equipment,
sound system, and spare parts stored in the trailer costing $50,000. Davis later
produced an invoice reflecting that he had purchased the trailer, two years earlier, for
$3,600. 

 Appellant was arrested and convicted for theft of property valued between
$1,500 and $20,000. Appellant's punishment range was enhanced by two felonies
for a second degree range of punishment.

Sufficiency

 In point of error one, appellant argues that the evidence was factually
insufficient to support the conviction for theft where the evidence is insufficient (1)
to show that appellant stole the trailer or knew that it had been stolen and (2) for the
jury to determine the value of the trailer.

Standard of Review

 In a factual sufficiency review, we view all the evidence in a neutral light, both
for and against the finding, and set aside the verdict if proof of guilt is so obviously
weak as to undermine confidence in the jury's determination, i.e., that the jury's
verdict seems "clearly wrong and manifestly unjust," or the proof of guilt, although
legally sufficient, is nevertheless against the great weight and preponderance of the
evidence. Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). In
performing a factual sufficiency review, we are to give deference to the fact finder's
determinations, including determinations involving the credibility and demeanor of
witnesses. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). We may not
substitute our judgment for the fact finder's. Watson, 204 S.W.3d at 417. Finally, we
must consider the most important evidence that the appellant claims undermines the
jury's verdict. Sims v. State, 99 S.W.3d 600, 603-04 (Tex. Crim. App. 2003).

Analysis

 Appellant was indicted for theft for unlawfully appropriating by "acquiring and
otherwise exercising control over property, namely A TRAILER, . . . of the value of
over one thousand five hundred dollars and under twenty thousand dollars, with the
intent to deprive the Complainant of the property." The indictment was enhanced by
two prior felony convictions for unauthorized use of a motor vehicle. Appellant
complains that the evidence is insufficient (1) to show that he stole the trailer or that
he knew that it was a stolen trailer and (2) for the jury to determine the value of the
trailer.


 Stolen Trailer

 Appropriation of property is unlawful if it is without the owner's effective
consent, or the property is stolen and the actor appropriates the property knowing it
was stolen by another. Tex. Pen. Code Ann. § 31.03(b)(1), (2) (Vernon Supp. 2006). 
If an accused is found in possession of recently stolen property and, at the time of
arrest, fails to make a reasonable explanation showing his honest acquisition of the
property, the fact finder may draw an inference of guilt. Hardesty v. State, 656
S.W.2d 73, 76 (Tex. Crim. App. 1983). To draw an inference of guilt from the
circumstance of possession of stolen property, the defendant must be shown to have
been in possession recently after the theft. Sutherlin v. State, 682 S.W.2d 546, 549
(Tex. Crim. App. 1984). The possession must be personal, recent, and unexplained
and must involve a distinct and conscious assertion of a right to the property. Todd
v. State, 601 S.W.2d 718, 720 (Tex. Crim. App. 1980); Ellis v. State, 691 S.W.2d 799,
800 (Tex. App.--Houston [1st Dist.] 1985, no pet.).

 If the defendant offers an explanation of his possession of recently stolen
property at the time of his arrest, the record must demonstrate that the explanation is
either false or unreasonable before the evidence to support the conviction will be
deemed sufficient. See Ellis, 691 S.W.2d at 800. Whether the defendant's
explanation is false or unreasonable is a question of fact to be determined by the fact
finder. Adams v. State, 552 S.W.2d 812, 815 (Tex. Crim. App. 1977). We may not
substitute our judgment for the fact finder's. Watson, 204 S.W.3d at 417; Petro v.
State, 176 S.W.3d 407, 409 (Tex. App.--Houston [1st Dist.] 2004, no pet.).

 Appellant contends that there was no evidence to support the inference that he
knew that the trailer was stolen, and "[t]o the contrary, Philips [sic] supported
Appellant's explanation to Officer Arnold." (1)

 Officer Arnold testified that appellant told him that he "got [the trailer] from
a dude in Dallas," and appellant indicated that his "partner" was nearby, but they were
unable to locate him. Officer Arnold testified that, after walking around the complex
for quite a while, he determined that, "if there was, in fact, another, like he put it, his
partner, he wasn't going to show us where he was . . . to help verify whose trailer that
was." Appellant was found in possession of the trailer four days after it was stolen. 
Appellant represented that the stolen trailer was his, and his explanation of his
possession was called into question when the officers were unable to locate his
"partner" to substantiate his story that he bought it from "a dude in Dallas." (2) The
evidence was factually sufficient to show that appellant's explanation was false.

 We hold that the evidence was sufficient to prove each element required to
warrant an inference of guilt. The proof of guilt is not so obviously weak as to
undermine confidence in the jury's determination. See Watson, 204 S.W.3d at 417.

 Trailer's Value

 Next, appellant argues that the evidence was factually insufficient to establish
the value of the trailer because "the familiarity of the owner (Davis) and of the
witness (Griffin) regarding the trailer and its contents was questionable." Appellant
also complains that no photographs of the trailer were introduced at trial. (3)

 Value, for purposes of crimes against property, is the fair market value of the
property at the time and place of the offense. Tex. Pen. Code Ann. § 31.08(a)(1)
(Vernon 2003). While fair market value is not statutorily defined, it has been stated
as the amount the property would sell for in cash, given a reasonable time for selling
it. Keeton v. State, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991). Fair market value
can be proven by evidence of the retail price or sale price, by testimony of an owner's
opinion of value, or by an expert opinion of value. Id. No one method has been held
to be exclusive. Id. When the owner of the property is testifying as to the value of
the property, he may testify as to his opinion or estimate of the value of the property
in general and commonly understood terms. Sullivan v. State, 701 S.W.2d 905, 909
(Tex. Crim. App. 1986); Ray v. State, 106 S.W.3d 299, 301 (Tex. App.--Houston [1st
Dist.] 2003, no pet.). Such testimony will constitute sufficient evidence for the trier
of fact to make a determination as to value based on the witness's credibility. 
Sullivan, 701 S.W.2d at 909. This is true even in the absence of a specific statement
as to "market value" or "replacement value." Id. Furthermore, if the appellant wishes
to rebut the owner's opinion evidence, he must do more than merely impeach the
witness's credibility during cross-examination. Id. He must offer controverting
evidence as to the value of the property. Id.

 Davis testified that the value of the trailer is $5,000. Davis later produced an
invoice reflecting that he had purchased the trailer, two years earlier, for $3,600. 
Davis testified that the trailer was easily identified because the vent system was torn
off the roof, and he covered it with a cooking pot to keep the rain out. He said that
there was also a "bad jack stand." Davis estimated that the cost to repair the vent
would be $100, and the trailer's value at the time of the theft was $3,000--the amount
for which he would have sold it. 

 Appellant did not offer controverting evidence as to the value of the trailer, but
he argues that, because of the condition of the trailer at the time of the theft and
Davis's inability to recall the exact amount that he paid for the trailer, (4) the jury could
have concluded that it was worth less than $1,500. 

 We hold that the evidence was sufficient to prove the value of the trailer as
over $1,500 at the time that it was stolen. The proof of guilt is not so obviously weak
as to undermine confidence in the jury's determination. See Watson, 204 S.W.3d at
417.

 We overrule point of error one. 

Charge Error


 In point of error two, appellant contends that the trial court erred in overruling
his objection to the jury charge which failed to contain an instruction on the lesser-included offense of misdemeanor theft.

Standard of Review

 To determine whether appellant was entitled to a charge on the lesser-included
offense, we apply a two-prong test. See Bignall v. State, 887 S.W.2d 21, 23 (Tex.
Crim. App. 1994). First, the lesser-included offense must be included within the
proof necessary to establish the offense charged. Id. Second, some evidence must
exist in the record that would permit a jury rationally to find that, if the defendant is
guilty, he is guilty only of the lesser offense. Id. If any evidence raises the issue that
the defendant was guilty only of the lesser offense, then the charge must be given. 
Saunders v. State, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992). 

Analysis

 Appellant was charged with the offense of state jail felony theft. A theft is a
state jail felony if the value of the property stolen is $1,500 or more but less than
$20,000. Tex. Pen. Code Ann. § 31.03(e)(4)(A) (Vernon Supp. 2006). A defendant
is guilty of the requested lesser offense of Class A misdemeanor theft if the value of
the property stolen is $500 or more but less than $1,500. Id. at § 31.03(e)(3) (Vernon
Supp. 2006). Because the elements of the lesser offense are functionally included in
the elements of the state jail felony, the first prong has been met. To satisfy the
second prong, we must determine whether there is some evidence that would permit
a jury to rationally find appellant guilty of only the lesser offense of Class A theft. 
See Mathis v. State, 67 S.W.3d 918, 925 (Tex. Crim. App. 2002).

 Appellant contends that he is entitled to the lesser offense because (1) Davis
admitted that he was not an appraiser and initially testified that he paid $5,000 for the
trailer and later testified that the trailer cost $3,600 and (2) the trailer's age and
condition. As previously discussed under the sufficiency analysis, the owner is
competent to testify as to value though he is not qualified as an expert on the value
of the property. Sullivan, 701 S.W.2d at 908. When the owner of the property is
testifying as to the value of the property, he may testify as to his opinion or estimate
of the value of the property in general and commonly understood terms. Such
testimony will constitute sufficient evidence for the trier of fact to make a
determination as to value based on the witness's credibility. This is true even in the
absence of a specific statement as to "market value" or "replacement value." Id. at
909. Furthermore, if the appellant wishes to rebut the owner's opinion evidence he
must do more than merely impeach the witness's credibility during
cross-examination. Id. He must offer controverting evidence as to the value of the
property. Id.

 Davis testified that the value of the trailer is $5,000. Davis later produced an
invoice reflecting that he had purchased the trailer, two years earlier, for $3,600. 
Davis testified that the trailer was easily identified because the vent system was torn
off the roof, and he covered it with a cooking pot to keep the rain out. He said that
there was also a "bad jack stand." Davis estimated that the cost to repair the vent
would be $100, and the trailer's value at the time of the theft was $3,000--the amount
that he would have sold it for. 

 Appellant did not offer controverting evidence as to the value of the trailer, but
he argues that, because of the condition of the trailer at the time of the theft and
Davis's inability to recall the exact amount that he paid for the trailer, (5) the jury could
have concluded that it was worth less than $1,500. Davis's testimony established the
value of the trailer as over $1,500 at the time that it was stolen, and there was no
evidence introduced from which a jury could have found appellant guilty only of the
lesser-included offense. See Sullivan, 701 S.W.2d at 909. Accordingly, we hold that
the trial court did not abuse its discretion in overruling appellant's objection to the
charge.

 We overrule point of error two.

Motion for Mistrial


 In point of error three, appellant argues that the trial court erred in overruling
his motion for mistrial "when Officer Hulsey intentionally made unsolicited
prejudicial remarks in front of the jury."

Standard of Review

 A trial court's refusal to grant a mistrial is reviewed under an abuse of
discretion standard. Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). 
The trial court's decision must be affirmed if it is within the zone of reasonable
disagreement. Wead v. State, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004). A
mistrial is an extreme remedy that should be utilized only when the prejudice from
improper conduct during trial is incurable. Hawkins, 135 S.W.3d at 77. A mistrial
is required only when the impropriety is clearly calculated to inflame the minds of the
jury and is of such a character as to suggest the impossibility of withdrawing the
impression produced on the minds of the jury. Hinojosa v. State, 4 S.W.3d 240, 253
(Tex. Crim. App. 1999). There must be a showing of a manifest necessity for a
mistrial. Hill v. State, 90 S.W.3d 308, 313 (Tex. Crim. App. 2002). Manifest
necessity exists when the circumstances render it impossible to arrive at a fair verdict,
when it is impossible to continue with trial, or when the verdict would be
automatically reversed on appeal because of trial error. Id. "The question of whether
a mistrial should have been granted involves most, if not all, of the same
considerations that attend a harm analysis." Hawkins, 135 S.W.3d at 77. 

Analysis

 During cross-examination of Officer Hulsey from the Houston Police
Department Auto Theft Division regarding the bill of sale, the following exchange
transpired:

 Q: Now - - 


 A: Okay. To answer your question, this is a Bill of Sale. It's saying - -


 Q: Don't tell me what's on here. Just tell me - -


 A: Well, the jury, they need to know what this is.


 Q: Not yet. If the person put a VIN number on here, then if this piece
of paper would reflect that piece of paper, then you could get this
with a VIN number on it, wouldn't it?


 A: No, sir. This is a Bill of Sale saying that - - 


 Q: Did you understand what I asked you?


 A: Yes, sir. I'm answering your question. Give me one second. A Bill
of Sale - -


 Q: Wait a minute.


 A: - - signed by Shirley Journet (6) who's in jail for falsifying these police
records right now. This is falsified. This is not correct. This is
a 2003 - - 


 Appellant's Counsel: Excuse me. Excuse me. Your Honor, I'm going

 to object to unresponsiveness.


 State: I'm going to object to him not letting the witness answer
his question.


 Appellant's Counsel: Your Honor, what somebody's in jail got to do

 with - -


 The Court: [Appellant's Counsel]- - 


 Appellant's Counsel: I didn't ask her for that. I didn't - -


 The Court: [Appellant's Counsel], don't raise your voice, please. All
right. Ladies and gentlemen of the jury, step into the jury room. 
We need to take up something outside your presence.


 Bailiff: All rise.


 (Jury retired.)


 Appellant's Counsel: Your Honor, we object to the answer about the
person going to jail. That was unresponsive.


 The Court: All right. The Court will grant and sustain that objection. 
Do you want an instruction to disregard?


 Appellant's Counsel: Yes, ma'am, I want an instruction to disregard. 
But we feel that it was done intentionally by the officer. This is
not a rookie. This officer is 19 years and she knows better than
that.


 The Court: [Appellant's Counsel], I'm going to sustain the objection.


The jury was brought back into the courtroom, and the trial court instructed the jury
to "disregard the response and not consider it." Appellant's counsel then moved for
a mistrial "because of the prejudicial nature of the answer." The trial court denied the
request.

 On appeal, appellant argues that Officer Hulsey's statement "clearly was not
relevant . . . [and] was highly prejudicial and solely calculated to inflame the jury,
thereby violating Appellant's constitutional right to a fair trial." Appellant does not,
however, describe how he was harmed by Officer Hulsey's remarks. Furthermore,
the exhibit that Officer Hulsey was examining when the statement was made was not
introduced into evidence. 

 We hold that appellant has not shown that the trial court abused its discretion
in overruling his motion for mistrial. We overrule point of error three.

Conclusion

 We affirm the trial court's judgment.


 George C. Hanks, Jr.

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).
1. We evaluate appellant's explanation at the time of arrest. See Hardesty, 656 S.W.2d
at 76. Furthermore, Alesha Phillips, appellant's friend, testified that, "right before
Christmas," she gave appellant $300 to help purchase a trailer from "a Hispanic guy
by the name of Martin." Phillips saw appellant and Martin sign some papers in front
of Martin's house, and a notary was present. They did not take the trailer with them
because Phillips's car did not have a trailer hitch. This testimony contradicts and does
not "support" appellant's explanation.
2. Appellant was asked for a Bill of Sale, and he told the officer that he did not have it. 
3. Officer Arnold testified that "it's not a common practice" to take photographs. 
4. Davis initially testified that he paid $5,000 for the trailer. He was recalled the next
day after he obtained the Bill of Sale from the dealership, and he testified that he got
a loan for $5,000 to purchase the trailer. The purchase price was $3,600, but with the
taxes, title, license, and some accessories, Davis paid $4,010.29. 
5. Davis initially testified that he paid $5,000 for the trailer. He was recalled the next
day after he obtained the Bill of Sale from the dealership, and he testified that he got
a loan for $5,000 to purchase the trailer. The purchase price was $3,600, but with the
taxes, title, license, and some accessories, Davis paid $4,010.29.
6. Journet was the notary.