Stevie Aaron PETRO, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-03-00820-CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 14, 2004.

Discretionary Review Refused March 16, 2005.

Kurt B. Wentz, Houston, TX, for Appellant.

Dan McCrory, Asst. Dist. Atty., Charles A. Rosenthal, Jr., Dist. Atty.-Harris County, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and ALCALA.

## OPINION

ELSA ALCALA, Justice.

Appellant, Stevie Aaron Petro, pleaded not guilty to aggravated robbery. A jury found appellant guilty and sentenced him to confinement for five years in prison and a fine of $2000. In two issues, appellant contends that the evidence is legally and factually insufficient to sustain his conviction. We affirm.

## Background

On November 7, 2002, at approximately 9:00 p.m., as Geraldine Ukegby and Grace Bassey walked to their car parked at an apartment complex in southwest Houston, appellant pointed a gun at Ukegby's head and demanded her purse. When Ukegby gave appellant her purse, he and an accomplice fled. Ukegby and Bassey drove their car around the apartment complex until they encountered a peace officer in his patrol car and reported the robbery to him. Because the peace officer was at the complex for an unrelated matter, he directed the women to wait in their car while he attempted to summon another officer to the scene to assist them. The women parked their car behind the officer's patrol car. After waiting about 30 minutes for another peace officer to arrive, the women saw appellant walking through the apartment complex and notified the peace officer. The officer took appellant to the patrol car, where both women identified him as the robber. The officers searched the area and never found the gun used in the robbery, Ukegby's purse, or the man who accompanied appellant during the robbery. At appellant's trial, both women identified appellant in court as the armed gunman who took Ukegby's purse.

## Sufficiency of the Evidence

Appellant's two issues challenge the legal and factual sufficiency of the evidence to support his conviction for aggravated robbery.

A person commits aggravated robbery if he commits robbery and uses or exhibits a deadly weapon. TEX. PEN.CODE. ANN. § 29.03(a)(2) (Vernon 2003). A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. *Id.* § 29.02(a)(2). "In the course of committing theft" means conduct that occurs in an attempt to commit theft, during the commission of theft, or in im-

mediate flight after the commission of theft. *Id.* § 29.01(1). A person commits theft if he unlawfully appropriates property with the intent to deprive the owner of the property. *Id.* § 31.03(a).

In assessing legal sufficiency, we determine whether, based on all of the record evidence, viewed in the light most favorable to the verdict, a rational jury could have found the accused guilty of all of the essential elements of the offense beyond a reasonable doubt.[1] *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Swearingen v. State,* 101 S.W.3d 89, 95 (Tex.Crim.App. 2003). In conducting our review of the legal sufficiency of the evidence, we do not reevaluate the weight and credibility of the evidence, but only ensure that the jury reached a rational decision. *Muniz v. State,* 851 S.W.2d 238, 246 (Tex.Crim.App. 1993).

In a factual sufficiency review, we view all the evidence in a neutral light and will set the verdict aside only if the evidence is so weak that the verdict is clearly wrong and manifestly unjust, or the contrary evidence is so strong that the standard of proof beyond a reasonable doubt could not have been met. *Escamilla v. State,* 143 S.W.3d 814, 817–18 (Tex.Crim.App. 2004).[2] In conducting a factual-sufficiency review, we must discuss the evidence that appellant asserts is most important in allegedly undermining the jury's verdict. *See Sims v. State,* 99 S.W.3d 600, 603 (Tex.Crim. App.2003). In conducting the factual sufficiency review, we must also employ appropriate deference to the factfinder so that we do not substitute our judgment for that of the fact finder. *Zuniga v. State,* 144 S.W.3d 477, 481–82 (Tex.Crim.App. 2004). Unless the available record clearly reveals a different result is appropriate, an appellate court conducting a factual sufficiency review must defer to the factfinder's determination concerning the weight given contradictory testimonial evidence because resolution often turns on an evaluation of credibility and demeanor. *Johnson v. State,* 23 S.W.3d 1, 8 (Tex.Crim.App.2000).

Appellant's legal and factual sufficiency complaints concern his identification as the perpetrator of the aggravated robbery.[3] He contends that the women's identifications of him are not sufficiently reliable to be legally or factually sufficient to support his conviction. Appellant makes eight

---

1. Appellant asserts that we should apply the Texas Supreme Court's legal-sufficiency analysis used in *In re J.F.C.,* 96 S.W.3d 256 (Tex. 2002), and in *In re C.H.* 89 S.W.3d 17 (Tex. 2002). We reject this argument and apply the well-established criminal standard of legal sufficiency review. *See Swearingen v. State,* 101 S.W.3d 89, 95 (Tex.Crim.App.2003).

2. We again reject appellant's assertion that we should apply the Texas Supreme Court's factual sufficiency analysis used in *In re J.F.C.,* 96 S.W.3d 256 (Tex.2002), and in *In re C.H.* 89 S.W.3d 17 (Tex.2002). We apply the criminal factual sufficiency standard of review, as recently restated by the Court of Criminal Appeals in *Escamilla v. State,* 143 S.W.3d at 817–18 (Tex.Crim.App. 2004).

3. Appellant also claims that the evidence is insufficient because he resided at the apartment complex and cooperated with peace officers when he was arrested, and because others were present at the apartment complex that night. Appellant claims it would be illogical for him to walk past complainant as she sat in the car after the robbery if he had just robbed her minutes earlier. These circumstances, which show that appellant lived nearby the location of the offense, cooperated with authorities, and behaved illogically, and that others were present at the apartment complex, are all circumstances properly left to the jury in its assessment of the credibility of the evidence and the weight to give the testimony concerning appellant's guilt. *See Johnson v. State,* 23 S.W.3d 1, 8 (Tex.Crim.App.2000).

challenges to the women's identifications of him.[4]

### 1. Lack of Physical Evidence

Appellant suggests that the evidence is insufficient to support his guilt because no physical evidence supports the women's identifications of him. Appellant points to the undisputed facts in the record, which show that neither the gun used to commit the robbery nor any of the fruits of the crime were found in appellant's possession or were subject to his control after his arrest.

A reasonable jury could have rationally determined that the 30–minute time lapse between the time of the offense and the time of appellant's arrest allowed appellant sufficient time to dispose of any physical evidence that may have connected him to the offense. Given the circumstances presented here, which include the women's positive identifications of appellant, the jury could reasonably have concluded, that the absence of physical evidence to connect appellant with the offense was immaterial. *See Aguilar v. State*, 468 S.W.2d 75, 77 (Tex.Crim.App.1971) (holding that testimony of eyewitness alone sufficient to support jury's verdict); *see also Johnson v. State*, 176 S.W.3d 74, 78, 2004 WL 1472064, at *3 (Tex.App.-Houston [1st Dist.] July 1, 2004, no pet. h.) (designated for publication) (holding that differences in witness testimony and lack of physical evidence are factors for jury to consider in weighing evidence).

### 2. Descriptions of Robber's Height

Appellant contends that the evidence to support his conviction is insufficient because the two women described the robber's height differently. The record contains conflicting evidence concerning the robber's height. Bassey testified the robber was about five feet and four inches tall, but Ukegby testified the robber was five feet and ten inches tall. Ukegby's description of the robber's height, however, is consistent with the description of appellant's height given by Officer Boutte, the officer who transported appellant to the police station on the night of the robbery. Despite the inaccuracy of Bassey's estimation of appellant's height, Bassey testified that she got a good look at appellant while he committed the robbery and she was "positively sure" of her identification of him. The jury could have reasonably determined that the discrepancy in Bassey's description of the robber's height was minor when considered with the certainty of her identification of appellant. *See Garcia v. State*, 563 S.W.2d 925, 928 (Tex.Crim. App.1978) (concluding that four-inch discrepancy in description of robber's height compared to defendant's actual height and discrepancy in description of his hair length was minor discrepancy when considered with all evidence).

### 3. Lack of Hood on Appellant's Jacket

Appellant contends that the evidence is inconsistent because the women described the robber as wearing a jacket with a hood, but appellant's jacket did not have a hood. The undisputed record shows that when appellant was arrested, he was wearing a black, hooded sweatshirt underneath a black outer jacket that did not have a hood. Additionally, although the officer testified that appellant's jacket did not have a hood, the officer said appellant "had a hood on him." Whether the hood was on the sweatshirt or on the jacket, the undisputed evidence shows that appellant wore clothing with a hood on it. A reasonable

---

**4.** The first four challenges pertain to appellant's challenges to the legal and factual sufficiency of the evidence, but the latter four challenges concern only his factual sufficiency complaint.

jury could have rationally concluded that the women's clothing description was sufficiently similar to the officer's description of appellant's clothing to be reliable. We defer to the jury the weight to give any contradictory testimonial evidence concerning appellant's attire under these circumstances because the resolution of the issue turns on an evaluation of credibility and demeanor of the witnesses at trial. *See Johnson,* 23 S.W.3d at 8.

### 4. *Description of Word on Robber's Jacket*

Appellant contends that neither woman reported to the officer that the robber's jacket had the word "cowboy" written on the back of it and that the women did not mention that description until after appellant's jacket was shown to them at trial. The record shows, however, that the officer testified that he could not recall whether or not the women reported that the robber's jacket had the word "cowboy" on the back. At trial, both Ukegby and Bassey identified appellant's jacket as the same jacket worn by the robber. Appellant's complaint is, in essence, an assertion that the women's testimony is unbelievable because their trial testimony changed to conform to the physical evidence. Under these circumstances, we defer to the determination of the jurors, who heard the women testify, concerning what weight to give allegedly contradictory testimony, because resolution of contradictions necessarily turns on evaluation of credibility and demeanor. *See Johnson,* 23 S.W.3d at 8.

### 5. *Descriptions of Robber's Voice*

Appellant contends that the women's identification of him as the robber cannot be accurate because their descriptions of his voice differ. Ukegby testified that the robber's voice was "deep," while Bassey testified that his voice was "medium-

heavy" and "medium, not too deep." Although the women used different adjectives to describe the robber's voice, both women recognized and identified appellant's voice as that of the robber's. What weight to give the differing descriptions of the robber's voice is a matter best left to the jury because resolution turns on evaluation of credibility and demeanor. *Id.* Under the circumstances presented here, a reasonable jury could have rationally found that the descriptions of the robber's voice were consistent with the appellant's.

### 6. *Failure to Identify Appellant Immediately in Court*

Because Ukegby did not immediately identify appellant in court when she was asked to identify him, appellant maintains the evidence is insufficient to establish his identity as the robber. The record shows the following dialog:

State's attorney: Ms. Ukegby, I'm going to ask you, do you see the person that robbed you that night here in the courtroom?

Witness: No.

State's attorney: Okay. So you cannot identify anyone in the courtroom as to who robbed you?

Witness: No.

State's attorney: If you can't, that's fine. I just need to know.

Witness: That's him right there (indicating).

The cold record offers no explanation concerning the reasons for the delay in Ukegby's identification. The jury, however, was present to observe the circumstances of Ukegby's in court identification, and was therefore in the best position to assess the weight and credibility of the identification. Under these circumstances, we will not disturb that identification on appeal. *See id.*

### 7. Descriptions of Direction of Robber's Gun

Appellant contends that the evidence supporting his conviction is insufficient because Ukegby testified that the gun was pointed at her head, but Bassey testified that the gun was pointed at Ukegby's neck. The undisputed evidence shows that the gun was pointed above Ukeby's shoulders. The weight to give any discrepancy concerning whether the gun was pointed at the complainant's head or neck is a matter best resolved by the jury based on their evaluation of the witnesses' credibility and demeanor. *See id.*

### 8. Circumstances of Identification of Appellant at Scene

Appellant argues that neither woman faced appellant directly while identifying him when he was detained in the backseat of the patrol car on the night of the robbery. According to the record, both women stood on the side of the patrol car while identifying the detained appellant. Complainant was "a hundred percent" sure and her companion was "positively sure" of their identification of appellant at the scene of the robbery. Whether the women directly faced appellant or not at the scene, the record shows they were positive about their identification of appellant as the robber. Because the jury's resolution turned on evaluation of credibility and demeanor of the witnesses at trial, we defer to the jury assessment of the weight to give appellant's identification at the scene. *See Johnson*, 23 S.W.3d at 8.

### Summary

The jury heard both women testify that appellant pointed a gun at Ukegby and demanded her purse. Both women remembered and recognized appellant's face and voice as those of the robber. Appellant's arrest occurred near the area of the robbery within 30 minutes of the offense, after a sufficient length of time for him to have disposed of any physical evidence linking him to the crime. Any discrepancies in the descriptions of the robber's clothing and physical characteristics, and any discrepancies in the manner of the witnesses' in-court and out-of-court identifications are matters best left for the jury's evaluation of the credibility and demeanor of the witnesses who appeared before them. *See id.*

Viewing all of the evidence in the light most favorable to the verdict, a rational jury could have found beyond a reasonable doubt that appellant robbed Ukegby with a firearm. We conclude that the evidence is legally sufficient to prove the essential elements of the offense of aggravated robbery beyond a reasonable doubt. *See Swearingen*, 101 S.W.3d at 95.

After viewing the evidence in a neutral light, we conclude that the evidence supporting the verdict is not too weak to support the finding of guilt beyond a reasonable doubt and that the contrary evidence is not so strong that the beyond-a-reasonable-doubt standard could not have been met. *See Escamilla*, 143 S.W.3d at 817–18. Therefore, the jury was rationally justified in finding appellant guilty of aggravated robbery beyond a reasonable doubt. *See id.* We conclude that the evidence is factually sufficient to prove the essential elements of the offense of aggravated robbery beyond a reasonable doubt. *See Johnson*, 176 S.W.3d at 78, 2004 WL 1472064, at *3 (holding testimony sufficient to support conviction for aggravated robbery because conflicting testimony concerning perpetrator's identity and lack of physical evidence were factors for jury to consider in weighing evidence).

We overrule appellant's two issues.

## Conclusion

We affirm the judgment of the trial court.