Opinion Issued December 10, 2009






 









In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00940-CR






KELLY RENAURD LEWIS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd Judicial District

Harris County, Texas

Trial Court Cause No. 1125888







MEMORANDUM OPINION

 Appellant, Kelly Renaurd Lewis, appeals from a judgment sentencing him to
99 years in prison for the aggravated robbery of Dawn Garrard. See Tex. Penal
Code Ann. § 29.03 (Vernon 2003). Appellant pleaded not guilty. A jury found
appellant guilty and determined his sentence. In two issues, appellant contends the
evidence is legally and factually insufficient to support his conviction. Determining
the evidence is legally and factually sufficient to sustain appellant's conviction for
aggravated robbery, we affirm.

Background

 In June 2007, the complainant was parked in the parking lot of the Meyerland
Plaza shopping center. A silver Chevrolet Cavalier, occupied by a group of four men,
parked next to the complainant. When he exited the vehicle, appellant pulled out a
small black pistol, held the pistol at the complainant's waist, and demanded her purse. 
Appellant returned to the vehicle after he obtained the purse. As appellant drove
away, the complainant attempted to record the license plate number from the vehicle,
but she could not see it because the plate number was covered by a red bandana. The
complainant did notice a distinctive pink-and-white bumper sticker that read
"BITCH." Two witnesses, Tamara Busby and Samantha Perkins, assisted the
complainant after appellant drove away.

 Approximately two weeks after the robbery, Sergeant Wheeler stopped a silver
Chevrolet Cavalier driven by Matthew Cole. Sergeant arrested Cole for operating a
vehicle without proper identification. After the arrest, Sergeant Wheeler conducted
an inventory search of the Cavalier. In the Cavalier, she found a "Hello Kitty"
checkbook with the name "Dawn Garrard" written on the checks. 

 The next day, Officer Kim Miller contacted the complainant to inform her that
her checkbook was located and she needed to come to the police station to view a
line-up. Cole was present in the line-up. The complainant advised Officer Miller that
the man who robbed her was much taller and darker skinned than Cole and that Cole
was not the man that robbed her. 

 After completing the line-up, Officer Miller spoke with Cole, who stated
"Kelly Lewis was a suspect in the aggravated robbery." Cole proceeded to give
Officer Miller information to locate appellant. A week later, Officer Miller contacted
the complainant to have her view a photo array. Officer Miller showed her a photo
array containing six photographs. The complainant picked the photo of appellant.
Although the complainant chose appellant from the photo array, she requested the
opportunity to view appellant in a live line-up so she could be more certain that
appellant was the man who robbed her at gunpoint. At the line-up, the complainant
chose appellant as the man who robbed her at gunpoint. At trial, the complainant
testified that the man who robbed her had tattoos on his forearms and identified
appellant in court as the perpetrator. The State also presented evidence showing
appellant had tattoos on his forearms. Appellant did not testify and did not present
any witnesses. Sufficiency of Evidence for Aggravated Robbery

 In two points of error, appellant contends the evidence is legally and factually
insufficient to prove appellant's guilt for the offense of aggravated robbery. 

 A. Law Pertaining to Legal Sufficiency

 In a legal sufficiency review, we consider the entire trial record to determine
whether, viewing the evidence in the light most favorable to the verdict, a rational
jury could have found the accused guilty of all essential elements of the offense
beyond a reasonable doubt. See Jackson v. Va., 443 U.S. 307, 319, 99 S. Ct. 2781,
2789 (1979); Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). 
The jurors are the exclusive judges of the facts, the credibility of the witnesses, and
the weight to give their testimony. Margraves v. State, 34 S.W.3d 912, 919 (Tex.
Crim. App. 2000). A jury is entitled to accept one version of the facts and reject
another, or reject any part of a witness's testimony. See id. In conducting our review
of the legal sufficiency of the evidence, we do not reevaluate the weight and
credibility of the evidence, but ensure only that the jury reached a rational decision. 
Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993). In reviewing the
evidence, circumstantial evidence is as probative as direct evidence in establishing
the guilt of an actor, and circumstantial evidence alone can be sufficient to establish
guilt. Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). On appeal, the
same standard of review is used for both circumstantial and direct evidence cases. 
Id. 

 B. Law Pertaining to Factual Sufficiency

 In a factual sufficiency review, we view all of the evidence in a neutral light. 
Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim. App. 1999). We will set the verdict
aside only if (1) the evidence is so weak that the verdict is clearly wrong and
manifestly unjust or (2) the verdict is against the great weight and preponderance of
the evidence. See Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). 

 Under the first prong of Johnson, we cannot conclude that a conviction is
"clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Under the second prong of Johnson,
we cannot declare that a conflict in the evidence justifies a new trial simply because
we disagree with the jury's resolution of that conflict. Id. Before finding that
evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury's verdict. Id. In
conducting a factual sufficiency review, we must also discuss the evidence that,
according to appellant, most undermines the jury's verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

 In reviewing the factual sufficiency of the evidence, appellate courts should
afford almost complete deference to a jury's decision when that decision is based
upon an evaluation of credibility. Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim.
App. 2008). The jury is in the best position to judge the credibility of a witness
because it is present to hear the testimony, as opposed to an appellant court who relies
on the cold record. Id. The jury may choose to believe some testimony and
disbelieve other testimony. Id. at 707.

 C. Elements of Aggravated Robbery

 Appellant challenges the sufficiency of the evidence to sustain his conviction
of aggravated robbery. Under Texas Penal Code section 23.03, a person commits
aggravated robbery when he commits robbery and uses or exhibits a deadly weapon.
See Tex. Penal Code Ann. § 29.03. A person commits robbery, if in the course of
appropriating property without the owner's effective consent and with intent to
deprive the owner of that property, a person intentionally or knowingly threatens or
places another in fear of imminent bodily injury or death. Id. § 29.02 (Vernon 2003). 
A firearm is considered a deadly weapon. See id. § 1.07(a)(17)(A) (Vernon Supp.
2009). 

 D. Sufficiency of Evidence Analysis

 Appellant contends the evidence is legally and factually insufficient to
establish aggravated robbery, but he does not specifically reference any reason the
evidence is insufficient. 

 The record shows the complainant testified her purse was taken from her arm
when she was threatened at gunpoint. The complainant positively identified appellant
as the gunman from a photo spread, live lineup, and again at trial. Appellant was also
linked to the offense by Cole, who was driving a car that contained the complainant's
property. Furthermore, appellant had tattoos on his forearms, as did the man who
robbed the complainant. To the extent there are inconsistencies in the testimony, we
must defer to the jury to decide the credibility of the evidence. See Margraves, 34
S.W.3d at 919; Petro v. State, 176 S.W.3d 407, 412 (Tex. App.--Houston [1st Dist.]
2004, pet. ref'd) (holding any discrepancies in description of robber and manner of
witnesses' in-court and out-of-court identifications are matters best left for jury's
evaluation of credibility and demeanor of witnesses who appeared before them). 

 Viewing the evidence in a light favorable to the jury's verdict, the evidence
shows that a jury could reasonably find beyond a reasonable doubt that appellant
robbed the complainant with the use of a deadly weapon. We hold the evidence is
legally sufficient to prove appellant's guilt of aggravated robbery. See Johnson v.
State, 176 S.W.3d 74, 77 (Tex. App.--Houston [1st Dist.] 2004, pet. ref'd) (holding
evidence legally sufficient to sustain aggravated robbery conviction where
complainant testified appellant robbed her at knife-point, complainant identified
appellant in photographic line-up, and complainant identified appellant in court).

 Giving due deference to the jury's weighing of the evidence, a neutral
examination of the evidence shows the evidence is not so weak that the jury's finding
appellant guilty of aggravated robbery is clearly wrong or manifestly unjust, and that
the determination of guilt is not against the great weight and preponderance of the
evidence. We hold the evidence is factually sufficient to prove appellant's guilt for
aggravated robbery. See id. at 78 (holding evidence factually sufficient to sustain
aggravated robbery conviction where complainant testified appellant robbed her at
knife-point, complainant identified appellant in photographic line-up, and identified
appellant in court).

 We overrule appellant's first and second issues.


Conclusion

 We affirm the judgment of the trial court.




 Elsa Alcala

 Justice

 

Panel consists of Justices Keyes, Alcala, and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).