**Opinion issued December 19, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00089-CR

————————————

**LETHANIEL LEE MCCARTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Case No. 11-CR-3162**

---

## MEMORANDUM OPINION

Lethaniel Lee McCarter appeals a judgment convicting him of aggravated robbery with two enhancements. A jury found McCarter guilty, and the trial judge sentenced him to thirty-five years in prison. In his sole point of error, McCarter

contends that the evidence is legally insufficient to support his conviction. We affirm.

## Background

McCarter was charged by indictment for aggravated robbery with two enhancements. On the evening of November 2, 2011, 68 year-old Darlene Martin was robbed in an auto parts store parking lot. Martin testified that after exiting the store into an empty parking lot and as she was facing her driver's side door, but before she could unlock her car, Martin felt someone's hand on her shoulder and heard someone say, "Give me your purse, you Bitch, and your keys." Martin turned around and said, "[Y]ou're not getting my car." She testified that even though it was dark, there was some lighting from the store, so she could see the man's face and that he was taller than she was, but she only got a brief look at him because he slammed her into the car. Martin felt what she thought was a gun in her side and the man then said, "You're going to get hurt, you Bitch." The man pinned her up against the car, which caused her some pain, ripped her purse from her body, and ran away. Martin testified that she did not yell for help during the struggle.

After the robber ran away, Martin re-entered the store and told an employee that she had been robbed. An employee called 911, and within minutes, while Martin was still on the phone with the 911 dispatcher, Galveston Police

Department Officer B. Patton arrived at the scene. Martin testified that she told the police the suspect was a black male with a shaved head, large forehead, wearing wine or dark-colored clothing and blue jeans, and a little taller than her height of 5'5". Martin testified that she initially told the police that the attacker was in his twenties, but later that night she told the police that she had misspoken and the attacker was older—at least in his thirties. She also told Officer Patton the direction in which the suspect had run.

Officer D. Simpson began looking for the suspect and testified that he was told the suspect was a black male, average height, medium build, with dark clothing. Eight minutes after the 911 call was placed, Officer Simpson found McCarter two blocks away from the auto parts store and one block from where Martin told the police the suspect had run. Simpson testified that McCarter, who was 43 years old, matched the description—5'5"-5'6", dark skin, dark clothing— and Simpson did not see anyone else in the area matching that description.

Officer Simpson testified that before he said anything to McCarter, McCarter said that he had seen the robbery and was chasing after the robber. McCarter told Officer Simpson that he heard a woman yell, "Help, help, he's got a gun," and was chasing after the robber who was wearing a black shirt when he found Martin's property in an alley. But, Martin testified that she did not yell anything about a gun during the robbery and did not mention it until she went back

3

inside the auto parts store after the robber had already run away. Officer Simpson also testified that McCarter was fidgety and appeared nervous.

Officer Simpson found a prescription bottle with Martin's name on it, as well as Martin's cell phone and make up, in McCarter's pockets. He also found $31 in cash balled up in McCarter's shoe. Officer Simpson testified that he was familiar with McCarter, and McCarter never had more than $5 on his person in the past. McCarter told Officer Simpson that he found Martin's property in the bushes in an alley, but Officer Simpson found the purse under bushes ten feet from where he found McCarter. Martin testified that her purse contained approximately $150 in cash at the time of the robbery, but there was no cash in the purse when the police found it.

Officer Simpson drove McCarter back to the auto parts store to see if Martin recognized him, and Martin positively identified McCarter as the robber. Martin testified that she told the police that McCarter looked like the man who robbed her, but she was only 80 percent sure. She testified that at the time of the trial she was "fairly certain"—80 to 90 percent sure—that it was McCarter who robbed her.

Officer Simpson testified that McCarter first told him that the robber he had been chasing was wearing a black shirt. But McCarter's description changed after he overheard, on Officer Simpson's police radio, an officer's description of the suspect in another robbery, which took place at a nearby fast food store only a few

4

minutes before Martin was robbed. After hearing over the radio that the fast food store's suspect was tall, in his twenties, and wearing a white shirt, McCarter told Officer Simpson that the man whom he saw rob Martin matched that description. The jury heard the audio recording—recorded by Officer Simpson's in-car camera—of McCarter changing the description after hearing the dispatch describing the fast food store's suspect.

## Discussion

In his sole point of error, McCarter contends that the evidence is legally insufficient to support his conviction.

### A.  Standard of Review

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *McGregor v. State*, 394 S.W.3d 90, 109 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979)); *see also Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011) (holding *Jackson* standard is only standard to use when determining sufficiency of evidence). Our review of "all of the evidence" includes evidence that was properly and improperly admitted. *McGregor*, 394 S.W.3d at 110 (quoting *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).

The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Id.* (citing *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008)). A jury may accept one version of the facts and reject another, and it may reject any part of a witness's testimony. *Id.* (citing *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986)). We may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *Id.* (citing *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)). We afford almost complete deference to the jury's determinations of credibility. *Id.* (citing *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008)). We resolve any inconsistencies in the evidence in favor of the verdict. *Id.* (citing *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000)).

## B.    Applicable Law

A person commits aggravated robbery if "in the course of committing theft" and "with intent to obtain or maintain control of the property," he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death, if the other person is 65 years of age or older." TEX. PENAL CODE ANN. § 29.02(a)(2) (West 2011); § 29.03(a)(3)(A) (West 2011). A person commits theft if "he unlawfully appropriates property with intent to deprive the owner of property." *Id.* § 31.03(a) (West Supp. 2013).

6

## C.    Analysis

To prove that McCarter is guilty of aggravated robbery, the State had to prove beyond a reasonable doubt that McCarter, in the course of committing theft and with the intent to obtain or maintain control of the property, intentionally or knowingly threatened or placed Martin in fear of imminent bodily injury or death. *See id.* §§ 29.02(a)(2); 29.03(a)(3)(A); 31.03(a).

We conclude the evidence supports the jury's guilty verdict. First, Officer Simpson found McCarter—who matched the suspect's description—in possession of Martin's stolen property, within eight minutes of the 911 call. Officer Simpson found McCarter two blocks from where Martin was robbed and only one block away from where Martin told the police that the suspect had run. Officer Simpson testified that he did not see anyone else in the vicinity matching that description. Martin described the suspect as a black male, average height, medium build, with dark clothing, and McCarter meets that description—he is a black male and 5'6"— and was found wearing dark colored clothing. McCarter had Martin's prescription bottle, cell phone, and makeup in his pockets. Martin testified that she had $150 in cash in her purse before she was robbed, and McCarter was found with $31 rolled up in his shoe, which was more money that McCarter typically had at one time. The police also found Martin's purse, not containing any cash, approximately ten feet from where Officer Simpson found McCarter.

7

Second, Martin positively identified McCarter at the scene and told the police that she was 80 percent sure he was the robber. At trial, Martin testified that she was 80 to 90 percent sure that it was McCarter.

Finally, McCarter's conduct indicates consciousness of guilt. When Officer Simpson initially approached McCarter, it was McCarter who first mentioned the robbery, and he was acting fidgety and nervous. McCarter stated that he had heard the victim yelling that the robber had a gun, but Martin testified that she did not yell during the robbery and that she did not mention a gun until she was back inside the auto parts store. McCarter also gave contradictory descriptions of the robber whom he was allegedly chasing. McCarter first told police that the robber was wearing a black shirt but after hearing about the fast food store's robbery on the police radio, McCarter told police that the robber he was chasing was tall and wearing a white shirt.

McCarter contends that the jury could have made the plausible inference that someone else committed the robbery and McCarter was telling the truth about chasing the robber because McCarter was in possession of some of Martin's property and Martin was only 80 percent sure that McCarter was the robber. But McCarter's explanation for possessing Martin's property and the fact that Martin did not unequivocally identify McCarter as the robber were factors for the jury to consider in weighing the evidence, and we defer to the jury's resolution of these

8

issues. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (holding that witness's failure to identify appellant goes only to weight of identification evidence); *Petro v. State*, 176 S.W.3d 407, 412 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (holding any discrepancies in descriptions of robber's clothing and physical characteristics are best left for jury's evaluation of credibility and demeanor of witnesses); *Greene v. State*, 124 S.W.3d 789, 792 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (eyewitness identification is not necessary to identify perpetrator); *Dixon v. State*, 43 S.W.3d 548, 552 (Tex. App.—Texarkana 2001, no pet.) (holding that whether defendant's explanation for possession of recently stolen property is true or reasonable is question of fact for trier of fact to resolve).

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found that during the course of committing theft and with the intent to obtain or maintain control of the property, McCarter intentionally or knowingly threatened or placed Martin in fear of imminent bodily injury or death. Accordingly, we hold the evidence was legally sufficient to support the judgment. *See Chavez v. State*, 843 S.W.2d 586, 587–88 (Tex. Crim. App. 1992) (en banc) (holding that unexplained possession of recently stolen property permits inference of guilt for offense of theft); *Girard v. State*, 631 S.W.2d 162, 164 (Tex. Crim. App. [Panel Op.] 1982) (holding that the shorter the interval between theft

and possession of stolen property, the stronger the evidence of guilt for robbery); *Sosa v. State*, 177 S.W.3d 227, 230 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding witnesses' identifications based on defendant's clothing, build, and height, along with evidence that defendant was present at scene and flight therefrom, sufficient to support aggravated robbery conviction); *Louis v. State*, 159 S.W.3d 236, 247–48, (Tex. App.—Beaumont 2005, pet. ref'd) (holding rational jury could have inferred appellant was one of two robbers where robbers ran from scene, police found appellant an unspecified but presumably short-time later, and cash and other items taken during robbery were within close proximity to appellant).

We overrule McCarter's sole point of error.

## Conclusion

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).