**Opinion issued August 29, 2014**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

### NO. 01-12-00996-CR

———————————

### CRAIG ANTHONY CROOKS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 180th Judicial District Court**
**Harris County, Texas**
**Trial Court Case No. 1271233**

## MEMORANDUM OPINION

A jury found Craig Anthony Crooks guilty of aggravated robbery with a

deadly weapon[1] and, enhanced with one prior felony conviction, assessed his

---

[1] *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011).

punishment at fifty years' confinement.  He argues that the evidence is insufficient to support his conviction because the out-of-court and subsequent in-court identifications resulted from impermissibly suggestive identification procedures and the eyewitnesses gave conflicting descriptions of the assailant.  We affirm.

## Background

Three masked men demanding money and jewelry kicked in the door to Alejandro DeLeon's home, and he and his family were robbed at gunpoint.  During the robbery, Alejandro's 11-year-old daughter, Alexis, grabbed a cell phone and ran out of the house to a neighbor's house and called the police.  The three men fled the DeLeon home with $3,000 to $5,000 in cash when they saw the police arrive.  Two of the men wore black ski masks, the other a white or black cloth covering his mouth and chin. The following day, Alejandro reported to police that he saw the man wearing the cloth covering his chin and mouth drive by the DeLeons' house in a silver Grand Prix.  Alejandro and his wife, Paula, pursued the man but were unable to obtain a complete license plate number.

A few weeks later, Alejandro spotted the same man at a flea market and pursued him in a car chase to obtain a license plate number.  That same day, Alejandro received several phone calls from the suspect who used a blocked number.  Sergeant Brasher, the lead investigator assigned to the case, determined that the number used to call Alejandro was registered to appellant.

2

Using the evidence had gathered from her investigation, Sergeant Brasher compiled photo spreads that included appellant's picture for review by Alejandro, Paula, and Alexis. After all three were given the same admonishments concerning the identification procedure,[2] they individually identified appellant as the man with the cloth covering his chin and mouth who was at their home the night of the robbery. Additionally, at trial, all three further identified appellant as the robber with the partially covered face. Although there were numerous inconsistencies in their testimony regarding the robbery, the only inconsistencies with regard to their identification testimonies pertained to the color of the cloth or rag and appellant's head covering. Alexis testified that appellant had a black-colored cloth or rag covering his mouth and chin and that he did not wear a hat or anything on his head during the robbery, while Alejandro and Paula testified that the cloth or rag was white and that he was wearing a dark hat during the robbery.

The defense lodged no objection to the admissibility of either the in-court or out-of-court identifications at trial and appellant does not that their admission

---

[2]     Sergeant Brasher testified at trial as to the specific procedures she routinely takes when conducting photo spread identifications. She stated that in this case, she personally compiled three separate photo spreads of similar looking African-American males to ensure that no one photo necessarily stood out. Each photo spread contained a picture of a possible suspect for the robbery. Additionally, before showing the eyewitnesses the three photo spreads, she told them that they may not recognize anybody in them, they were under no obligation to recognize anyone, and the pictures in the photo spreads may be either older or more recent ones depending on what was available to her.

was error. Rather, defense counsel argued in his closing that the State's case was "based upon eyewitness identification" and that, given the unreliable identifications in this case, the State failed to prove its case against appellant beyond a reasonable doubt. In particular, defense counsel pointed out the various inconsistencies in Alejandro's, Paula's, and Alexis' testimony regarding the robbery and their descriptions of the robber with the cloth covering his mouth and chin. Defense counsel further questioned the veracity and reliability of eyewitnesses' identifications of appellant as one of the assailants, in light of Alejandro's and Paula's encounter with appellant the day after the robbery (i.e., "[I]s their identification now coming from what they see the next day and not that night?")

## Sufficiency of the Evidence

Appellant argues that, based on the conflicting eyewitness descriptions and Sergeant Brasher's 'impermissibly suggestive' identification procedures, the in-court and out-of-court identifications are tainted and no rational jury could have found that appellant committed aggravated robbery with a deadly weapon beyond a reasonable doubt and, thus, the evidence is insufficient to support his conviction.

### *Standard of Review*

We review evidentiary sufficiency challenges under the *Jackson* standard. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) ("[T]he *Jackson*

4

*v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt.") (referring to *Jackson v. Virginia*, 443 U.S. 307, 319 99 S. Ct. 2781, 2789 (1979)). Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

Viewed in the light most favorable to the verdict, the evidence is insufficient when either: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense; or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; *Laster*, 275 S.W.3d at 518. This standard applies equally to both direct and circumstantial evidence. *Laster*, 275 S.W.3d at 518; *Ervin v. State*, 331 S.W.3d 49, 55 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

We do not weigh any evidence or evaluate the credibility of any witnesses, because this was the fact finder's function. *See Brooks*, 323 S.W.3d at 899 (stating jurors are exclusive judges of facts, witnesses' credibility, and weight to be given their testimony); *see also Williams*, 235 S.W.3d at 750.

*Analysis*

The crux of appellant's argument is that no rational jury could have found that he committed the offense of aggravated robbery with a deadly weapon beyond a reasonable doubt because the only evidence linking him to the robbery (i.e., the eyewitnesses' in-court and out-of-court identifications) was unreliable due to the impermissibly suggestive identification procedures and conflicting eyewitness testimony.

It is well-established that the testimony of a sole witness to an offense may constitute sufficient evidence to support a conviction. *See Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971) (upholding conviction for assault with intent to murder where only one witness saw defendant with gun); *Shah v. State*, 414 S.W.3d 808, 814 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (affirming conviction for continuous family violence based primarily on testimony of complaining witness); *Davis v. State*, 177 S.W.3d 355, 358–59 (Tex. App.— Houston [1st Dist.] 2005, no pet.) (affirming conviction for aggravated robbery where central issue involved credibility of single witness). It is equally true that

6

inconsistent or contradictory testimony does not render the evidence insufficient; it simply creates an issue of fact for the jury to determine. *See Shah*, 414 S.W.3d at 814 (stating that jury is sole judge of weight and credibility of witness testimony and it was within jury's province to resolve any alleged inconsistencies or conflicts in eyewitnesses' testimony).

At trial, Alejandro, Paula, and Alexis all positively identified appellant as the robber with the cloth over the bottom half of his face. Their out-of-court identifications from the photo spread were also admitted. While there were inconsistencies as to the color of the cloth or rag covering appellant's mouth and chin, and whether he wore a hat, it was the jury's province to resolve those conflicts or inconsistencies, and we must defer to the jury's resolution of these issues. *See Brooks*, 323 S.W.3d at 899 (stating jurors are exclusive judges of facts, credibility of witnesses, and weight to be given to witnesses' testimony and appellate courts must defer to jury's determinations on these issues); *see also Petro v. State*, 176 S.W.3d 407, 412–13 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (affirming conviction for aggravated robbery where witnesses' testimonies conflicted as to robber's clothing and physical characteristics; holding that such discrepancies were fact issue for jury). The jury also heard testimony regarding the identification procedures Sargent Brasher used and defense counsel's argument that the identifications could have been tainted by their encounters with appellant

after the robbery. As the sole fact finder, however, the determination of how much weight and credibility to afford the witnesses' testimony was the jury's and we must defer to those resolutions. *See Brooks*, 323 S.W.3d at 899.

Viewing all the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found beyond a reasonable doubt that appellant committed the offense of aggravated robbery with a deadly weapon. *See id.* Accordingly, we hold that the evidence is sufficient to support appellant's conviction.

## Conclusion

We affirm the trial court's judgment.


Jim Sharp
Justice


Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).